(Decided May 5th, 1863.)

HENRY GRIFFIN, vs. ROBERT LESLIE.

REMOVAL OF CAUSES.—The right of removal of causes from one County to another for trial upon suggestion in writing supported by affidavit or other proper evidence, that a fair and impartial trial cannot be had in the County where such suit or action is pending, is a right guaranteed by the Constitution and Laws of the State, in all suits or actions at law, issues from the Orphans' Court or from any Court of Equity, petitions for freedom, presentments or indictments.

The conditions prescribed by the Constitution and Acts of Assembly for the exercise of the right of removal having been complied with by the party applying to exercise the right, there is no discretion in the tribunal to which the application is made, to decide whether the same shall be granted or not.

The Constitution has conferred on the Legislature the power to enlarge, but not to restrain, the exercise of the right of removal.

The Act of 1858, ch. 323, was not designed to conflict with the right of removal; it must be construed so as to harmonize with the Constitution, and if not susceptible of such construction, must yield to its superior force.

Appeal from the Superior Court of Baltimore City :

This was an action brought by the appellee against the appellant, under the Act of 1858, ch. 323, to recover the amount of three promissory notes. The case is stated in the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and COCHRAN, J.

*George H. Williams* and *John H. Ing,* for the appellant argued :

1. That the order of the 31st January having determined against the right to remove, it was the subject matter for an appeal.

2. That, after the prayer of appeal, there was nothing left for the further proceedings of the Court to be based upon.

3. That whether the appeal was properly taken, was not to be decided by the Court below, nor its clerk, but by the appellate tribunal alone. *Keighler vs. Savage Manf'g Co.,* 12 *Md. Rep.,* 413.

4. That if the appeal was properly refused, then the defendant's plea was a good plea, both in form and substance. *Act of* 1856, *ch.* 112, *sec.* 92. *Cromwell vs. The State,* 12 *G. & J.,* 257. *Wright vs. Hamner,* 5 *Md. Rep.,* 370.

5. That by the provisions of Art. 10 of the Constitution, upon the filing of the appellant's suggestion for removal, the Court below was deprived of all jurisdiction over the suit, except the power to designate to which adjoining county it should be removed; and that the judgment subsequently rendered by the Court, being without lawful authority must be reversed.


*James Malcolm,* for the appellee :

The appellee will contend, that the Court below were right in directing the judgment to be entered, and rejecting the motion for a removal :

1st. Because the Constitution of the State never contemplated that a case should be removed, where, by the rules of pleading, there was confessedly no trial to take place. See Article 4, Sec. 28, of the Constitution of the State of Maryland.

2d. That by the Act of 1858, ch. 323, the party was required to plead, in certain cases, with an affidavit of the truth of the plea, by a certain time, and this was one of the

cases provided for by said Act, and in case of a defend-ant's failure so to do, there was to be no trial, and judg-ment was to be entered, as a matter of course. And it was, therefore, necessary for the defendant to satisfy the Court in which the suit was pending, that there was to be a trial by a plea and affidavit, as prescribed by said Act; other-wise a party might, in the manner proposed, by a fraud upon the Act, deprive the plaintiff of the right secured by the Act of 1858.

3d. That the party desiring to remove a case, either plaintiff or defendant, is required by said 4th Article, sec. 28, to put in his pleadings before a removal, as is clearly apparent from the words of said Article, for how otherwise could a party indicted say, in the case of an indictment, whether he was guilty or not guilty? Or, in the case of a civil suit, how could a defendant say whether he ad-mitted the charges in the declaration or not? Or how could the State have an opportunity to admit the truth of a plea or not, to an indictment, or the plaintiff to admit the truth of the defendant's plea, which, if admitted, there would be no ground for a removal, nor could the State or plaintiff have the opportunity, or be in a condition to sug-gest, a removal on their part?

Bowie, C. J., delivered the opinion of this Court:

In this case, the defendant, the appellant, was returned "Summoned" to the January Term 1859, which began on the second Monday of that month. He appeared by attor-ney, and on the 14th of January filed a suggestion in writ-ing, supported by affidavit, that a fair and impartial trial could not be had in the Court where the suit was depend-ing. On the 31st of January 1859, the Court refused to remove said cause, because no plea with an affidavit had been filed as required by the Act of 1858, ch. 323, from which order refusing the removal, the defendant prayed an appeal. The Court below refused to allow the appeal to be entered and the cause transmitted, but proceeded to

3    v. 20.

enter final judgment for want of a plea; whereupon a second appeal was prayed and granted. The removal of causes from one county to another for trial, upon suggestion in writing supported by affidavit or other proper evidence, that a fair and impartial trial cannot be had in the county where such suit or action is pending, was and is deemed so essential to the impartial administration of justice, as to be guaranteed by the Constitution and Laws of this State, in all suits or actions at law, issues from the Orphan's Court, or from any Court of Equity, petitions for freedom, presentments or indictments, Art. 4, sec. 28; 1854, ch. 325; Code, Art. 75, secs. 71, 72, 73. Notwithstanding the Constitution declares, "that such further remedy in the premises may be provided by law as the Legislature shall from time to time direct and enact," this power has been held to be a power to enlarge, not to restrain the exercise of the right. 5 *Md. Rep.*, 370, *Wright vs. Hamner.*

"This clause of the Constitution was designed to secure to parties, *beyond the control of the Legislature,* the general right to remove their causes under certain specified conditions, but not to prohibit the Legislature from enlarging the right at any time." Wherever and whenever the privilege has come under consideration, it has been construed liberally. *The State vs. Dashiel,* 6 *H. & J.,* 268. *Cromwell vs. The State,* 12 *G. & J.,* 257. *Negro Jerry vs. Townshend,* 2 *Md. Rep.*, 278.

"All laws for the removal of causes from one venue to another, were passed for the purpose of promoting the ends of justice, by getting rid of the influence of some local prejudice, which might operate detrimentally to the interests or the rights of one or the other of the parties to the suit."

The conditions prescribed by the Constitution and Acts of Assembly for the exercise of this right, being complied with by the party applying for it, there is no discretion in the tribunal to which it is made, to decide whether the application shall be granted or not. The cases of *Negro Jerry vs. Townshend,* 2 *Md. Rep.*, 275, and *Wright vs. Hamner*

5 *Md. Rep.*, 375, show, that the appeal was taken from the remanding of the cause in the one case and the granting of the order of removal in the other, and entertained by the Court above without question. An order of the Court over-ruling the application, is unlike ordinary rulings on motions, such as motions for a new trial and other motions addressed to the discretion of the Court, from which there is no appeal; and unlike rulings in demurrers and other interlocutory judgments, where no appeal lies until final judgment; but the refusal of the application for removal does finally settle a constitutional right of the party, the exercise of which, when demanded, is essential to the impartial administration of justice and should not be withheld or postponed.

The Act of 1858, ch. 323, entitled, "An Act for the despatch of business in the Superior Court and Court of Common Pleas of Baltimore City," authorising the entering of judgments in certain cases on the first day of the stated term or rule-day after appearance, notwithstanding any plea, unless the plea be verified by affidavit, that "the defendant is advised by counsel, etc., that the matter of the plea constitutes a good defence, and that he verily believes he will be able at the trial of the cause to produce sufficient evidence in support of the plea," was not designed to conflict with the right of removing causes.

It must be construed so as to harmonize with the Constitution, or if not susceptible of such construction, must yield to its superior force. The suggestion in writing supported by affidavit, etc., must be made before or during the term at which the issue or issues may be joined, or under special circumstances after issue joined in the suit or action. 1854, ch. 325; Code, Art. 75, secs. 71, 72, 73. If made before plea or issue, or after issue joined under the circumstances prescribed, there is no power in the Court to do more than order and direct the record and proceedings in such suit, to be transmitted to the Court of an adjoining county.

The appellant having filed his suggestion in the man-

nor and form prescribed by the Constitution and Acts of Assembly, the Court below erred in refusing to order the removal, and the subsequent proceedings were "coram non judice."

Judgment below reversed, and procedendo awarded.

(Decided May 5th, 1863.)