Brent., J.,
delivered the opinion of the court.
This suit was instituted in the Circuit Court for Baltimore County, and upon the application of the plaintiff’s lessors, that court passed an order, on the 19th of April, 1863, directing its removal to the Superior Court of Baltimore City. The record prepared by the clerk for transmission to the Superior Court, in obedience to that order, is signed and attested by him on the 3rd of September, 1863. The next step in the case is taken in the Superior Court, on the 14th day of the same month, by Price, one of the defendants, who on that day filed a suggestion, supported by affidavit, that he cannot have a fair and impartial trial in that court, and asking for its removal “ to any Circuit Court authorized by the Acts of Assembly.” This application was made at the same term in which the case was transmitted to that court, and in a few days after the filing of the record. The plaintiff’s lessors filed an answer, not until the 14th of ^October, 1865, resisting the application, and thereupon the court passed an order “ that the suggestion of the *266 defendant for the removal of this cause be and: the same is overruled.” From this order the present appeal is taken.
Pending this application the Constitution of 1864, intervened, and under it the law in regard to the removal of causes was materially changed. As the decision of the court below was governed by the law as it was at the time of the decision and not as it was when the application was made, it is necessary to look only at the Act of 1865, ch. 187, to determine whether or not there .was error in its ruling. This Act, after providing for the removal of causes from the courts in which they were instituted, made a further provision for the removal of a cause, at the instance of the other party, from the court to which it had been sent, “ to such other court in the same or any adjoining circuit having jurisdiction, as the said court should think would best tend to justice between the parties to the suit.” In this case, the removal could not have been to a court in the same circuit, for Baltimore City formed one of the Judicial Circuits of the State, and even if the application was held not to extend to the locality, there was no other court in that circuit having jurisdiction over a case such as is disclosed in this declaration. This court in Raab v. State, 7 Md. 483, after a very careful and extended examination into the question of boundary lines between Anne Arundel and Baltimore Counties, determined that Baltimore County was the only county adjoining Baltimore City. As Baltimore County, also, alone composed another of the Judicial Circuits of the State, it was therefore the only circuit adjoining Baltimore City, and under the restrictive terms of the Act was the only county to which the case could have been removed. It had already been removed from that county, because in the judgment of a court of competent jurisdiction, a fair and impartial trial could not be had there. To have returned it to that county for trial would have been the merest mockery. The ruling of the court below was, therefore, under the law as it then stood, right and proper. *It has been -urged, however, in the argument, as the law of 1865 has been changed and repealed by the Constitution of 1867, Art. 4, sec. 8, and by the Act of 1868, ch. 180, that the present appeal must be governed and decided by existing laws, and without regard to what were the provisions of the Act of 1865. In U. S. v. Sch’r Peggy, 1 Cranch, 110, Chief Justice *267 Marshall says: “tIt is, in the general, true that the province of an appellate court is only to inquire whether a judgment when rendered was void or not. But if subsequent to the judgment, and before the decision of the appellate court a law intervenes, and positively changes the rule which governs, the law must be obeyed or its obligation denied.” This doctrine has been recognized and settled by this court in Atwell v. Grant, 11 Md. 104; State v. Norwood, 12 Md. 206; Keller v. State, 12 Md. 326, and will be applied to the decision of this case.
The right to the removal of causes has been considered so essential to the proper administration of justice, that it has been made the subject of constitutional provision in this State since 1805, and as wds said in (Griffin v. Leslie, 20 Md. 18, “ wherever and whenever the privilege has come under consideration it has been liberally construed.”
The provision in the present Constitution has largely extended this right, and is designed by its express terms to secure the removal of causes in every case in which a party alleges upon oath that he cannot have a fair and impartial trial. The Legislature in the exercise of the power conferred “ to regulate and give force ” to this provision, may enlarge but cannot restrain the exercise of this right. State v. Dashiell, 6 H. & J. 268; Griffin v. Leslie, 20 Md. 18, and the Act of 1868 must be so construed as to harmonize with the organic law, and not in any respect to curtail its provision. The 75th section of that Act, looking to a second removal of a cause, authorizes the party other than the one *at whose instance the first removal was had, if he should think “ that justice cannot be done him in said court * * to file an affidavit, as prescribed by the preceding section, in said court to which said removal is ordered, suggesting that'he, she or théy cannot have justice in said court, whereupon the said court shall remove the said cause, etc.” The language of this section must be understood to mean that the party is entitled to a removal, if he makes an affidavit, with the formalities prescribed in the preceding section, substantially setting forth that he cannot have justice done him. Were it otherwise, cases might frequently occur in which the right of removal could not be exercised, and where in consequence great injustice might be done. Where a case is removed after issue joined, the other party might be ready and *268 willing, so soon as the record was filed and the case docketed, to make an affidavit that he could not have a fair and impartial trial in that court, yet might not be able to do so with the addition that the. knowledge was obtained after issue joined. He would thus, without any fault or negligence on his part, be deprived of a right guaranteed by the Constitution.
We think the affidavit filed in this case is sufficient to entitle the appellant, under existing laws, to a removal of this cause, and the judgment below must be> reversed.

Judgment reversed and procedendo awarded.