JOHN O. PRICE and others vs. ANNE NESBITT
and others.

*Costs—A void Fieri Facias—When the Court of Appeals awards
Costs to the Appellant, in both Courts—When a Fieri Facias
for Costs will be quashed.*

An action of Ejectment instituted in the Circuit Court for Baltimore County,
was at the instance of the plaintiff's lessors, removed to the Superior Court
of Baltimore City, where a suggestion was made by one of the defendants,
to remove the case to another Court for trial. This suggestion was over-
ruled, and upon an appeal from the order overruling the suggestion, the order
was reversed. HELD:

1st. That the only costs to which the appellants were entitled on the rever-
sal, were those that were incident to, and had been occasioned by reason of
the appeal, and not those that had previously accrued in the proceedings
while pending and were being prosecuted in the inferior Courts.

2nd. That a *fieri facias* for costs, that embraced those that had been incurred
by the appellants, both in the Circuit Court for Baltimore County, and in the
Superior Court of Baltimore City, previous to the appeal, was to that extent
void.

It is only where the judgment appealed from "upon the merits of the ques-
tion between the parties, and not upon the form of proceeding" is reversed,
that the Court of Appeals awards costs to the appellant, both in the appel-
late Court and in the Court below.

A *fieri facias* issued for costs after the lapse of more than three years from the
date of a judgment of reversal in the Court of Appeals, will on motion of

the parties against whom it issued be quashed, the judgment not having been revived by *scire facias*.

Where a *fieri facias* for costs is improperly issued, the cost of the *fieri facias* itself and all costs incurred under it, must be borne by the party who directed the issuing of the writ.

MOTION to quash execution for costs.

An action of ejectment instituted in the Circuit Court for Baltimore County, by the appellees, was, on their motion, by an order of Court passed on the 19th of April, 1863, removed to the Superior Court of Baltimore City. After the transmission of the record to the Superior Court, John O. Price, one of the defendants, on the 14th of September, 1863, filed a suggestion, supported by affidavit, that he could not have a fair and impartial trial in that Court, and asked that the cause might be removed " to any Circuit Court authorized by the Acts of Assembly." The plaintiff's lessors filed an answer resisting the application, and thereupon the Court passed an order overruling the suggestion of the defendant. On an appeal from this order, the same was reversed, and a *procedendo* awarded on the 25th of June, 1868. By direction of the appellants' attorney the Clerk of the Court of Appeals on the 16th of December, 1871, issued a *fieri ficias* to Baltimore County, for the costs of the appellants, which embraced the costs of the transcript of the record, the costs in the Court of Appeals, and the costs in the Court below. On the 20th of December, 1871, on the petition of the appellees, an order was passed directing the sheriff of Baltimore County to return the aforesaid writ to the Court of Appeals. The writ was accordingly returned, and on the 20th of January, 1872, the appellees moved that the same be quashed, and filed reasons in support of the motion.

The motion to quash was submitted to BOWIE, BRENT, ALVEY and ROBINSON, J.

*R. J. Gittings, A. W. Machen* and *Thomas Donaldson,* for the motion.

*Wm. J. Waterman,* against the motion.

ALVEY J., delivered the opinion of the Court.

The *fi. fa.* issued in this case for costs, at the instance of the appellants, must be quashed for two reasons:

1st. Because it embraces costs that were not recoverable, and were not awarded by this Court to the appellants, by the reversal of the order or judgment appealed from; and,

2nd Because more than three years had elapsed from the date of the judgment, before the *fi. fa.* issued thereon.

1. As to the first of these reasons for quashing the writ, the appeal was taken from an order of the Superior Court of the City of Baltimore, overruling a suggestion made in that Court by the appellants for a removal of the cause; (29 *Md.,* 263,) and as none of the merits of the controversy were involved in the appeal, and were not decided by this Court, the only costs to which the appellants were entitled on the reversal were those that were incident to and had been occasioned by reason of the appeal, and not those that had previously accrued in the proceedings while pending and were being prosecuted in the Circiut Court for Baltimore County, and the Superior Court of Baltimore City. It is only where the judgment appealed from, "upon the merits of the question between the parties, and not upon the form of proceeding" is reversed, that this Court awards costs to the appellant, both in this Court and in the Court below. Act of 1785, chapter 80, sec. 6, codified in sec. 41 of Article 29 of the Code. As the *fi. fa.* that issued here embraces the costs that had been incurred by the appellants both in the Circuit Court for Baltimore County and the Superior Court of Baltimore

City, previous to the appeal, to that extent the writ was without authority, and therefore void.

2. As to the second reason for quashing, it is plain that the *fi. fa.* issued after the lapse of more than three years from the date of the judgment of reversal; and as it is for that reason voidable, the Court cannot do otherwise than quash it, on the motion of the parties against whom it issued. *Miles vs. Knott,* 12 *Gill & John.,* 442.

As to the cost of the *fi. fa.* itself, and all costs incurred under it, as the appellants directed its issue, they must bear all such costs. This is the well settled rule upon the subject. *Gouley vs. Lee,* 11 *Gill & John.,* 395 ; *Gilmor vs. Brien,* 1 *Md. Ch. Dec.,* 40.

*Motion to quash granted,*
*for reasons stated.*

(Decided 22nd February, 1873.)