## The Northern Central Railway Company *vs.* Abraham Rutledge.

### *Removal of a cause.*

A cause cannot be removed for trial after a judgment by default has been rendered therein.

Appeal from the Superior Court of Baltimore City.

This action was instituted in the Circuit Court for Baltimore county, by the appellee against the appellant, to recover damages for the alleged wrongful act of its agents in ejecting the plaintiff from a train of cars on which he was a passenger. The defendant failed to plead to the

declaration in time, and a judgment by default for want of a plea was taken by the plaintiff. Afterwards the defendant moved to strike out the judgment. This motion was overruled, and an order was passed that on a day named therein, a writ of inquisition should be had. Before the taking of the inquisition, and before anything had been done under the order directing the inquisition to be had, except to assign different days for the taking of the same, the defendant made a suggestion, supported by affidavit, for a removal of the case to another Court, in pursuance of section 8 of Article 4, of the Constitution of the State; and the Circuit Court thereupon ordered the transcript of the record to be transmitted to the Superior Court of Baltimore city. The case was accordingly removed, and when called for trial, no counsel being present, was continued. Subsequently the plaintiff moved that the continuance be stricken out and the case remanded to the Circuit Court for Baltimore county, it having been improperly removed therefrom. This motion the Court (DOBBIN, J.,) granted, and at the same time delivered the following opinion:

This suit was instituted in the Circuit Court for Baltimore county, when a judgment by default was entered for want of a plea, and in due course, upon motion by the plaintiff, an order was passed for an inquisition to assess the damages. The case was then removed to this Court, upon suggestion and affidavit made on behalf of the defendant, that it could not have a fair and impartial trial of the inquisition, and when the case was called for trial in this Court, no counsel being present, it was continued. The present motion is made by the plaintiff to strike out the continuance and remand the case to Baltimore county for the reason alleged by him that it was improvidently removed into this Court. The ground assumed by the plaintiff is, that having gone to a judgment which fixed

the right of the plaintiff to recover, nothing remained to be done but to inform the mind of the Court as to the amount for which the judgment should be extended.

The case presents an important point of practice, and well deserves serious consideration. But few instances have occurred in which the Court of Appeals has been called upon to define the limits within which the right of removal can be exercised, and none of them present the point as it arises here. The only question which has been definitely settled is, that when the trial has actually commenced by the empanelling of a jury, its progress to completion cannot then be arrested by the exercise of the right of removal. This is conclusive in cases like those in which this determination was made, but leaves the question still open in all others. The inquiry still occurs when, in these other cases does the trial commence? To determine this we must look at the different modes in which the judicial action culminates in a final judgment, and ascertain at what point the parties have ceased their altercation, and presented definite issues for the action of the Court and jury. In most cases this point is reached when the parties by a statement of their claims and defences respectively, in that form of judicial altercation known as pleading, have reduced the controversy to one or more issues to be decided by the jury, and when the jury has actually entered upon the duty thus imposed upon them, the trial is said to be begun, and the right of removal is gone. But there is another class of cases in which the same readiness for the action of the Court is attained, not as the result of a mutual altercation by pleadings, in which both sides participate, but as the result of an averment on one side, and a failure or refusal to reply on the other, in which case the averment is taken to be true, and the Court is called upon to enforce the law upon that assumption. These are the cases of judgments by default, in

which the facts which might have been traversed are, by the silence of the other side, admitted to be true, and the case proceeds as if they had been actually found to be true.  To that extent, then, the trial may be considered as having been commenced and proceeded in so far as to have settled these facts, for unquestionably they are not afterwards open to dispute, and the Court gives a judgment thereon that the plaintiff is entitled to recover.  The Court of Appeals has said that such a judgment, properly entered, is as valid and binding as any other.  But upon such a judgment the Court has only partly performed its duty for want of the information necessary to complete it fully.  If the suit be upon a promissory note, bill, bond or open account, the Court proceeds, upon the production of the vouchers, or upon legal and satisfactory proof of the correctness of the claim, to assess the damages and order the execution of the judgment for the amount so due, and in other cases of interlocutory judgments the Court orders an inquiry by jury into the damages and costs sustained by the plaintiff.

But it is to be observed, that in this latter case the jury are not sworn to try an *issue*, that is an averment on the one side, and a denial on the other, but a valuation and assessment of damages, the right to recover the same having been already adjudged.

Now it is true the *quantum* of damages to be found by the jury may be the subject of dispute before them; but it is not every right to dispute in a cause which constitutes the "fair and impartial trial" secured by the Constitution, and preserves and continues the right of removal as long as such subject of dispute may exist.  If this were so, the right to remove would continue after verdict, if a motion in arrest were made, for it often happens that under such a motion the whole subject of controversy between the parties is disputed, considered and decided, and yet no one has ever supposed that the right of remova

continued down to the final disposition of a motion in arrest of judgment.

Another point seems worthy of consideration. The judgments of all Courts are within the control of the Courts so adjudging, during the term at which they are rendered, and may be stricken out in the discretion of the Court, upon the motion of the party affected by them. What becomes, in the case of removal after judgment, of this right of the Court over its own judgments, and the right of the party affected by the judgment, to appeal to the discretion of the Court which rendered it, to strike it out. Can the discretion which belongs to the Judge who renders the judgment, and is in some sense personal to him, be exercised by another Judge, to whose Court the case is removed? If a motion to strike out be made, and overruled, can the case be then removed, and the motion renewed in the Court to which it is removed, thus making the latter in some sense a tribunal of appeal from the former? The term of which Court limits the time within which a judgment may be stricken out—that of the Court in which it is rendered, or that of the Court to which it is removed?

These considerations seem to show that there must be some limit in all cases, imposed upon this right, else embarrassments and delays may be created, which, in many cases, will amount to a denial of justice. That limit would seem to be reasonably defined by deciding that when the right of the plaintiff to recover has been presented to the tribunal by which it has to be decided, and has been either admitted or determined, or if disputed, the inquiry by which it is to be determined has been actually begun, the right of removal ceases. The present case seems to come within the first of these designated classes, when the right of the plaintiff to recover had been admitted by the failure of the defendant to plead, and the Court had acted upon that admission, and given judgment

for the plaintiff. What was to follow, was merely to complete what the Court began, and the right of removal was gone.

From the order of the Court directing the record of the case to be returned to the Circuit for Baltimore county, the plaintiff took this appeal.

The cause was argued before BARTOL, C. J., STEWART, MILLER, ALVEY and ROBINSON, J.

*Bernard Carter* and *W. Henry Norris,* for the appellant.

The provision of the Constitution in question, sec. 8, Art. 4, is to be liberally construed, and has always so been. *Griffin vs. Leslie,* 20 *Md.,* 18; *Price vs. Nesbitt,* 29 *Md.,* 266.

And so much so, that cases not within the very letter of the provision, but within its spirit, have been held to be covered by it. *Negro Jerry vs. Townshend,* 2 *Md.,* 274.

The present case is not only within the spirit, but also within the letter of the Constitutional provision. This section of the Constitution provides that the record of proceedings in any suit or action shall be sent to another Court, upon the suggestion of either party, properly supported, that he cannot have a fair and impartial *trial* in the Court in which said suit or action is pending. The Act of 1854, ch. 325, which was the Act passed to carry into effect the provisions of the Constitution of 1851, on this subject, is entitled: "An Act relating to the *trial of facts* in the several Circuit Courts of this State."

Whenever, therefore, there is to be a *trial,* and especially a *trial of facts,* in any suit or action, the case is one which, under the Constitution, may be removed from the Court in which it is pending at the time of the suggestion, to another Court. The Constitution provides that this removal shall take place *whenever* the party shall make his suggestion, properly supported, that he cannot have a fair

and impartial trial in the Court where the case is pending ; that is to say, the party himself exercises his option *when*, that is at what time in the progress of the proceedings, he will make his motion for removal ; and *whenever* he does make the motion it must be granted. The only limitation as to the time at which he may make this motion, grows out of the very nature of the thing he suggested to the Court, that is, that he cannot have a fair and impartial *trial*.

Accordingly the Courts have held that he must make his motion before the *trial* begins; but he may wait till all the various ramifications of the pleadings have terminated ; he may wait till the eleven jurors have each been sworn to try the matters involved, before he makes his motion; *because until the whole tribunal which is to try the matter is constituted*, the *trial* cannot be said to have commenced. *Price vs. The State*, 8. *Gill*, 313 ; *Deford vs. State, &c.*, 30 *Md.*, 197 ; *Sittig vs. Birkestack*, 38 *Md.*, 158.

The Constitution thus construed by these decisions puts beyond peradventure the following propositions :

*a.*—Whenever there is to be a *trial* of fact by a jury, or in a suit instituted in any of the Courts of the State, it is the right of a party to have this *trial* take place in a different tribunal from that in which the suit was instituted.

*b.*—This right exists and continues until the *trial* has commenced.

*c.*—The trial where it is to be by a jury, does not commence till the tribunal has been completely constituted, that is, until the last juror has been sworn.

These propositions are all that are necessary to show that the right to remove the case to the Superior Court existed after, and notwithstanding the judgment by default for want of a plea. Because, notwithstanding this judgment; a trial of fact by a jury was a necessary step in the cause before it could terminate in a final judgment.

The judgment by default has no other effect than to ascertain that the plaintiff has the *cause of action* set forth in the declaration ; this cause of action was the unlawful action of the defendant towards him, and the judgment by default establishes his right to recover whatever damages he sustained by such conduct, but it in no way establishes the amount of those damages, nor that he had sustained any damage in fact. *Cooper vs. Roche*, 36 *Md.*, 563.

The whole inquiry, therefore, as to the *quantum,* and indeed the existence of any damage caused to the plaintiff, had to be inquired of by the jury, proved to them by evidence, and *tried* before *them. Evans' Practice,* 432 *to* 434, (2nd *Ed.*)

During the taking of the inquisition, the parties may take bills of exception, and appear, just as on a trial where there is no default. *Evans' Practice,* 434.

In cases of damages, it may very often happen that the defendant cannot deny the wrong done, but chooses to make his defence on the question of the *quantum* of damages ; and on this very question of *quantum*, the jury has to pass, and an unprejudiced jury would give small damages, and those commensurate with the injury, whereas a locally prejudiced jury might give damages altogether disproportionate to the wrong done.

A judgment by default is no lien on the property of the defendant, and this shows it is altogether *inchoate.*

*John T. B. Dorsey,* for the appellee.

MILLER, J., delivered the opinion of the Court.

After a careful consideration of the question arising on this appeal, a majority of the Court are of opinion a cause cannot be removed for trial, after a judgment by default has been rendered therein, and for the reasons stated by the learned Judge of the Superior Court, in his opinion contained in the record, and accompanying the order

appealed from. That order is therefore affirmed, and the cause remanded to the Superior Court, that it may be carried into effect.

*Order affirmed, and*
*cause remanded.*

(Decided 9th February, 1875.)

ALVEY, J., dissented.