CHARLES E. SCHAIBLE, Administrator of the
Estate of Georgianna Bush,

*vs.*

THE HOME INSURANCE CO., a Corporation.

*Removal of causes: pending motion for judgment by default.*

Provisions of the Constitution for the removal of causes can
not be availed of while a motion for judgment by default is pend-
ing.                                                          p. 683

*Per curiam filed December 13th, 1918.*

Appeal from the Superior Court of Baltimore City.
(Dobler, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe,
Thomas, Stockbridge and Constable, JJ.

*T. Scott Offutt* (with whom was *Harry L. Smith* on the
brief), for the appellant.

*S. Ralph Warnken* (with whom were *Haman, Cook, Ches-
nut & Markell* on the brief), for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

The appeal in this case is from an order of the Court refusing to strike out a judgment. The appellee brought suit in 1914 under the provisions of Chapter 385, of the Acts of 1912, now codified as section 77, of the Code of Local Laws of Baltimore County, and familiarly known as the Speedy Judgment Act, against the appellant and two others for the recovery of a certain amount growing out of a contract of insurance.

The said Act provides that :"In any suit when the cause of action is a contract * * * the plaintiff * * * shall be entitled to judgment to be entered by the Court or the clerk thereof on motion, in writing, at any time after fifteen days from the *return day*, to which the defendant shall have been summoned, although the defendant may have pleaded, unless such plea contains a good defense, and unless the defendant or someone on his behalf shall, under oath or affirmation, state that every plea so pleaded by the defendant is true, etc."

The declaration was filed in the Circuit Court for Baltimore County on February 2nd, 1914, and all of the defendants summoned to the March return day, which was March 2nd, 1914. The defendants' appearance was entered on March 3rd, 1914. There was filed with the declaration, and served upon the defendants by the sheriff at the time he summoned the defendants the following notice:

"To the defendants, William J. Giles, Charles E. Giles and Georgianna Bush, take notice: That upon *your appearance* to this action a rule will be entered requiring you to plead thereto within *fifteen days thereafter* or judgment by default will be entered against you in accordance with the provisions of the Act of 1912, Chapter 385."

On March 18th, 1914, acting under the direction contained in the notice above quoted, rather than under the provisions in the statute, the defendants filed their pleas, the same being fifteen days after their appearance rather than

fifteen days from the return day. Thereafter on the same day that the pleas were filed the plaintiff moved for a judgment by default for want of proper pleas, and without pressing its motion, on June 11th, 1914, filed a suggestion for removal, and on the same day the transcript of the Record was ordered transmitted to the Superior Court of Baltimore City.

On the 8th day of February, 1915, judgment by default, *ex parte,* was entered and extended by the Superior Court of Baltimore City for the full amount claimed. Georgianna Bush, one of the defendants, having died, her administrator filed a petition in the Superior Court moving the Court to strike out the said judgment on the 7th day of June, 1917.

This motion was overruled.

The only question involved is whether or not the Superior Court had jurisdiction to enter the judgment. Several reasons are assigned by the appellant for this want of jurisdiction, but it is only necessary for us to pass upon one of them, since, in our opinion, on this ground the Court did not have jurisdiction, and, therefore, the judgment was void. That ground is based upon the fact that the Circuit Court for Baltimore County exceeded its jurisdiction in directing the removal of the case to the Superior Court of Baltimore City and therefore the Superior Court's action was void.

Section 8 of Article 4 of the Constitution of Maryland is the section dealing with the right of removal of cases from one Court to another, and it provides: "In all suits or actions at law * * * pending in any of the courts of law of this State having jurisdiction thereof, upon suggestion in writing under oath of either of the parties to said proceedings, such said party cannot have a fair and impartial trial in the Court in which the same may be pending, the said Court shall order and direct the record of proceedings * * * to be transmitted to some other Court having jurisdiction, in such case, for trial."

This Court in *Cooke* v. *Cooke,* 41 Md. 362, in interpreting the meaning the framers of the Constitution had in view in permitting the parties to a suit to remove such suit, when they believed they could not secure a fair and impartial trial said, that the object was to get rid of influence of local prejudice in the community from which the jury to try the case was to come, and thus, as far as practicable, to secure a fair and impartial trial by jury. In the present case the very act which furnished the procedure for securing judgments, had in view as its avowed purpose the expedition of cases towards judgments in Baltimore County. The appellee under the Act filed his motion for a judgment by default, and without waiting for a decision upon this point, which raised a question which the Court alone could decide, filed his suggestion for removal and affidavit that he could not obtain a fair and impartial trial in that Court. In fact until the Court had decided that the appellee was not entitled to a judgment by default there could be no trial at all. For if the Court held that there was a default then the appellee would have been immediately entitled to have the judgment extended, but if on the other hand, the Court held that the appellee was not entitled to judgment by default, then there would have been a necessity for the trial. So when the Constitution says, parties, in order to secure a fair and impartial trial, shall have the right of removal, it cannot be contended that while a motion to determine whether or not there can be a trial is pending the party can remove the cause.

It is settled by *N. C. R. R. Co.* v. *Rutledge,* 41 Md. 372, that a case cannot be removed after a judgment by default has been entered, and by the same course of reasoning therein used, it is plain to us that after judgment by default has been moved for the right of removal is in suspense until the motion for judgment by default has been settled adversely to the plaintiff. If decided favorably to the plaintiff then

there is no need for a trial, but merely the extension of the judgment.

It seems to us that any other construction than this would have a tendency to destroy the very end that was in view when these speedy judgment Acts were enacted for different counties of the State.    This case is a good illustration of the effect a contrary construction would have.   Here a plaintiff avails itself of a local procedure which promises to give it prompt action upon its alleged claim, but immediately, upon raising an issue before the Court where the local Act is operative, seeks to have the proceeding delayed by asking for a removal to another jurisdiction and thus destroy its effectiveness.

We are of the opinion, therefore, that this case should be remanded to the Superior Court in order that the judgment there entered may be stricken out and that that Court may remand it to the Circuit Court for Baltimore County.

> *Order reversed, and case remanded, appellees to pay the costs.*