STATE, USE OF CORRINE C. DUNNIGAN ET AL. *v.* FREDERICK LEE COBOURN, ET AL, ADMINISTRATORS
[No. 44, April Term, 1935.]

*Decided June 18th, 1935.*

The cause was argued before BOND, C. J., URNER, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Edwin H. W. Harlan,* for the appellants.

PARKE, J., delivered the opinion of the Court.

Scott Preston Dunnigan was hurt through the alleged negligent operation of an automobile by one Reese M. Bowman, and shortly died in consequence of his injury. He was survived by a widow and infant children. The tort-feasor having died, an action was brought in the Circuit Court for Harford County in the name of the State of Maryland, for the use of the surviving widow and infant children, against the duly appointed and qualified administrators of the tort-feasor, to recover damages for the death of Dunnigan. A declaration was filed with the institution of the action, and the defendants were summoned. An appearance for the defendants was en-

tered by an attorney, who filed the general issue plea that the intestate had not committed the wrong alleged. Some days later, the defendants in proper person filed a petition praying that the court pass an order striking out the appearance of the attorney and the plea on the ground that the attorney had acted without authority. The court passed an order on this petition setting the matter down for a hearing. The attorney filed an answer which asserted his appearance and plea were pursuant to the terms of his employment by the defendants. On the same day, but after this answer was filed, the plaintiff made a suggestion for removal, and the next day the court passed thereon its order which directed that the record be transmitted to the Circuit Court for Cecil County for trial. The record was so sent.

After the record had been received, the administrators, in proper person, filed in the Circuit Court for Cecil County a petition in which is set forth the controversy over the authority of the attorney to appear and plead for the defendants, and the removal of the action before the matter of representation had been determined, and the desire of the defendants to employ other counsel to appear for them in their capacity as the personal representatives of the alleged wrongdoer. The petition further stated that it was uncertain whether the court to which the action had been removed would be able to determine the matter of the right of the attorney to act for the defendants before the time for pleading by the defendants would expire, and requested an order of court extending the time for pleading. The Circuit Court for Cecil County passed the desired order, and extended the time for the defendants to file other pleadings to five days after a decision on the dispute of the right of the attorney to represent the defendants. Without waiting for this determination, the defendants, in proper person, filed a demurrer to the declaration.

No further proceeding was had until two months later when the court, on its own motion, passed an order remanding the action to the Circuit Court for Harford

County. The appeal brings up for review this order of the court.

1. The right of removal is conferred by article 4, section 8, of the Constitution of Maryland, and its denial or abridgement is ground for direct appeal. *Griffin v. Leslie,* 20 Md. 15, 19, 20; *Negro Jerry v. Townshend,* 2 Md. 274, 277; *Wright v. Hammer,* 5 Md. 370, 375; *Kimball v. Harman,* 34 Md. 401, 407; *McMillan v. State,* 68 Md. 307, 308, 309, 12 A. 8; *Seth v. Chamberlaine,* 41 Md. 186, 195; *Gittings v. State,* 33 Md. 458, 462; *Condon v. Gore,* 89 Md. 230, 234, 42 A. 900; *Tidewater Portland Cement Co. v. State,* 122 Md. 96, 99, 89 A. 327.

2. The *nisi prius* court of Cecil County was of the opinion that the right of removal from the Circuit Court for Harford County did not exist until the pleadings had raised an issue of fact to be submitted to the jury. In this ruling there was error. The right of removal is liberally construed. *Price v. Nesbitt,* 29 Md. 263, 266; *Cooke v. Cooke,* 41 Md. 362, 367.

There is nothing in the constitutional provision to support the narrow construction that the cause must have progressed in the pleadings to an issue of fact before the court may pass an order authorizing the removal. Constitution, art. 4, sec. 8. The statute, which was passed in pursuance of the mandate of the Constitution that the General Assembly should make such modification of existing law as might be necessary to regulate and give force to the provision, is, with respect to the right, in the words of the Constitution. Code, art. 75, sec. 109. The Legislature, however, has no power to abridge the constitutional guaranty. *Gardner v. State,* 25 Md. 146, 152; *Price v. Nesbitt,* 29 Md. 263, 266. In every action or suit at law that is pending in any court of original jurisdiction the right of removal exists, provided the party suggests in writing, under oath, that he cannot have a fair and impartial trial in the court in which the action or suit is pending. *Deford v. State,* 30 Md. 179, 196. The appeal of *Griffin v. Leslie* (1863) 20 Md. 15, was decided when the Constitution of 1851, art. 4, sec. 28, was in

effect. Except for the grant of the privilege of removal in the now obsolete petition of a slave for freedom, the proceedings in which the right of removal is conferred were the same in the Constitution of 1851 as they are in the subsisting amendment to the Constitution of 1867. Constitution of 1851, art. 4, sec. 28; *Niles on Constitutional Law,* p. 420. Not only was there a practical identity of the provisions of the Constitution of 1851 with those now in effect, but the facts are analogous. In the appeal of *Griffin v. Leslie, supra,* suit had been brought under the Speedy Judgment Act of Baltimore City (Acts 1858, c. 323). Under the act the defendant was required to plead in certain cases by a prescribed time after service, and, in case of default, a judgment would be entered, without trial, and extended by the court. The defendant in *Griffin v. Leslie, supra,* was summoned, and, before pleading and before the expiration of the time for pleading, the defendant appeared and filed his suggestion in writing, under oath, that he could not obtain a fair and impartial trial in the court where the suit was pending. The *nisi prius* court refused to remove the cause because the defendant had not pleaded, and proceeded to enter a final judgment for want of a plea. On appeal by the defendant, it was held that the *nisi prius* court erred. This court said: "The conditions prescribed by the Constitution and Acts of Assembly for the exercise of this right, being complied with by the party applying for it, there is no discretion in the tribunal to which it is made, to decide whether the application shall be granted or not." 20 Md. 15, page 18. And later in the opinion, Bowie, C. J., wrote thus for the court: "If made before plea or issue, or after issue joined under the circumstances prescribed, there is no power in the court to do more than order and direct the record and proceedings in such suit, to be transmitted to the court of an adjoining county. The appellant having filed his suggestion in the manner and form prescribed by the Constitution and Acts of Assembly, the court below erred in refusing to order the removal, and the subsequent proceedings were *'coram non judice.'* "

The doctrine of *Griffin v. Leslie, supra,* has since generally prevailed in practice, and is the accepted rule of this court, subject to the qualification that the present constitutional provision does not require the suggestion for removal to be made before or during the term in which issues may be joined, nor limit the removal to an adjoining county. *Niles on Constitutional Law,* pp. 496, 525; Const. art. 4, sec. 8.

The modification of the Constitution of 1851 by the constitutional provisions now in effect does not relate to the question now under consideration, and, therefore, does not lessen the authority and decisive effect of *Griffin v. Leslie, supra,* with respect to the problem here presented. *Price v. Nesbitt,* 29 Md. 263, 267; *Hoyer v. Colton,* 43 Md. 421, 423, 424. See *Coblentz v. State,* 164 Md. 558, 561-563, 166 A. 45.

In the *nisi prius* court of Cecil County, the cases of *Cooke v. Cooke* (1875) 41 Md. 362, and *Schaible v. Home Ins. Co.,* 132 Md. 680, 105 A. 165, were cited in support of its ruling. It seems neither of these cases supports the ruling made by the circuit court. The first case determines that the Constitution of 1867 does not provide for the removal of an equity cause, although the wording of the provision of the Constitution granting the right and being reviewed in that case was "the record of proceedings in any suit or action, issue or petition, presentment or indictment, pending in such Court." Const. 1867, art. 4, sec. 8.

The question at bar in the pending appeal was not before the court in *Cooke v. Cooke, supra,* and was neither discussed nor considered in the opinion. The sole question was whether an equity cause had the same status as an action at law with reference to the right of removal. In determining that it did not, the appellate court was careful to point out, in the absence of an express bestowal of the privilege, the fundamental reasons which imposed this restriction upon a cause in equity; and the explicit limitation of the privilege created by the Constitution when it confined the right to an issue in equity. In this connection, the appellate court remarked: "There cer-

tainly exists no necessity for the adoption of the construction insisted on, for an appeal lies from the judgment of every equity court upon questions of fact as well as of law, by which a corrupt, or prejudiced, as well as a mistaken judgment can be speedily corrected. Again, if a party mistrusts the judgment of the court upon the facts, he may have issues framed and submitted to a jury for trial, and then if there be sufficient prejudice against him in the community, he may safely make the suggestion and affidavit, and have the case removed. For that the clause in question specially provides." 41 Md. 362, pages 371, 372. The language of the original section in the Constitution of 1867 was made even more clear on this point by the constitutional amendment submitted by the Acts of 1874, c. 364, and ratified in November, 1875.

The other appeal, of *Schaible v. Home Ins. Co., supra,* was taken in a case where the action at law was brought under the Speedy Judgment Act of Baltimore County (Acts of 1912, c. 385), and a motion for a judgment by default was filed. Before this motion was disposed of the defendant filed a suggestion for removal. The appellate court applied the reasoning adopted by the court in *Northern Central R. Co. v. Rutledge,* 41 Md. 372, which determined that the power of removal terminated with a judgment by default, and held that the motion for judgment by default suspended the right of removal until the motion was adjudged adversely to the plaintiff, saying: "If decided favorably to the plaintiff, then there is no need for a trial, but merely the extension of the judgment." 132 Md. 680, pages 683, 684, 105 A. 165, 166. *Baltimore v. Libowitz,* 159 Md. 28, 37, 149 A. 449.

Finding no warrant for its action, the order of the Circuit Court for Cecil County remanding the record to Harford County was in excess of its power, and in denial of the exercise by the defendants of their absolute right of removal. *2 Poe's Pl. & Pr.,* sec. 99.

> *Order of Circuit Court for Cecil County reversed, with the costs of this appeal to the appellant, and cause remanded.*