## STATE *v.* SIMMS

[No. 311, September Term, 1963.]

*Decided March 30, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and MARBURY, JJ., and reargued before the full Court.

*Mathias J. DeVito, Assistant Attorney General* (on both arguments), with whom were *Thomas B. Finan, Attorney General of Maryland, Marvin H. Anderson, State's Attorney for Anne Arundel County,* and *Leonard T. Kardy, State's Attorney for Montgomery County,* on the brief, for the appellant.

*Harper M. Smith* and *Kathryn E. Diggs* (each on both arguments) for the appellee.

MARBURY, J., delivered the opinion of the Court.

This appeal by the State presents a single legal issue to be determined. Did the lower court commit reversible error in failing to grant, in a criminal case involving a capital offense, the State's first and only suggestion for a removal? The State contends that it did, and we agree. The right of the State to appeal is conceded by the appellee. See *Heslop v. State,* 202 Md. 123, 95 A. 2d 880, and *State v. Cobourn,* 169 Md. 110, 179 Atl. 512.

The unchallenged facts are as follows. The appellee, John E. Simms, was indicted on August 18, 1961, in Anne Arundel County on a charge of murder in the first degree. On November 3, 1961, he filed a plea of not guilty by reason of insanity, and on his own motion was transferred to the Clifton T. Perkins Hospital for examination and report. Then on August 21, 1962, the appellee filed a suggestion of removal under oath, alleging that he could not have a fair and impartial trial in Anne Arundel County. A stipulation entered into by the attorney for the appellee and the State's Attorney for Anne Arundel County was filed, which provided as follows:

> "It is hereby stipulated by and between Eleanor A. Crawford, Attorney for Defendant, and C. Osborne Duvall, State's Attorney, that the above entitled case may be transferred from the County of Anne Arundel to the County of Montgomery in the State of Maryland and that the Court may forthwith make an Order to that effect."

An order was signed removing the case to Montgomery County for trial.

On August 21, 1963, after some discovery proceedings had been conducted in the case in the Circuit Court for Montgomery County, the State filed suggestions of removal executed under oath respectively by the State's Attorney for Anne Arundel County and the State's Attorney for Montgomery County. The court, in a written order, denied the motion on the ground that the State had exercised its constitutional right to a removal when it entered into the stipulation in Anne Arundel County. It is from that order that the State has appealed.

Appellee concedes that this Court has many times held that Article IV, Section 8 of the Maryland Constitution gives each party an absolute right of removal in criminal cases involving capital punishment. *Kisner v. State,* 209 Md. 524, 122 A. 2d 102; *Jones v. State,* 185 Md. 481, 45 A. 2d 350; and *State v. Cobourn, supra.* He nevertheless contends that the facts indicate that the State had exercised its right to remove the case when it entered into the stipulation, or alternatively, that the State waived or is estopped from asserting that right now. We think the stipulation falls short of an exercise of the right of removal and that the State's conduct falls short of a waiver and did not give rise to an estoppel. *Cf. Caledonian Fire Ins. Co. v. Traub,* 86 Md. 86, 37 Atl. 782. The constitutional provision, in addition to requiring that the request for removal be made under oath also requires an allegation that the moving party is unable to get a fair and impartial trial in the court in which the case is pending. The stipulation contained neither requisite. We think that fairly interpreted, the stipulation amounted to no more than an acquiescence on the part of the State to the appellee's request that the court, in granting the appellee's suggestion of removal, transfer the case to Montgomery County rather than to some other forum. The court in Anne Arundel County was not bound to accede to the recommendation contained in the stipulation that it be removed to Montgomery County and could have removed the case to a court of competent jurisdiction in any of the other counties or Baltimore City.

Nor can it be contended successfully that the stipulation amounted to a waiver on the part of the State. The appellee

would have us give a broader meaning to waiver than the classic "intentional relinquishment of a known right." He cites *Gould v. Transamerican,* 224 Md. 285, 167 A. 2d 905, for the proposition that waiver includes also conduct which warrants an inference of the relinquishment of a right, and that it thus may be inferred from the circumstances. It is true that in that case we held that Gould's words, actions, and conduct constituted an implied waiver and also operated as an estoppel. We can not, however, equate the mere signing of this stipulation with conduct commensurate with waiver of a constitutional right of removal. To constitute a waiver, the stipulation must have recited affirmatively that the right of removal was being relinquished or contained language which compels the conclusion that the party intended not to assert its right of removal thereafter.

Nor is there anything in the circumstances surrounding the actual removal or subsequent thereto from which waiver or estoppel can be inferred. The delay of a year between the appellee's and the appellant's respective suggestions of removal under oath was not due to the unilateral conduct of the State. There were hearings concerning the discovery procedure and at no time did the State ask for a continuance. Even assuming, without deciding, that estoppel could be invoked against the State, to hold that the mere delay here in filing a suggestion of removal constituted conduct amounting to an estoppel would be unwarranted, for it is settled law that the right to remove, where granted, continues until the jury is sworn. *McMillan v. State,* 68 Md. 307, 12 Atl. 8.

The absolute right of removal not having been exercised by the State and there being no grounds for charging it with waiver or estoppel, the lower court was in error in refusing to grant the State's suggestion of removal.

> *Order reversed and case remanded for the entry of an order removing the case from the Circuit Court for Montgomery County to another court of competent jurisdiction.*

BRUNE, C. J., filed the following opinion, dissenting in part, in which PRESCOTT, J., concurred.

I concur in the holding of the court that the State's consent to the removal of the case from Anne Arundel County to Montgomery County did not amount to an exercise by the State of its right of removal.

On the other hand, it is my view that the State's acquiescence in the removal to Montgomery County did amount to a waiver of its right to seek removal to still another County. True, the State's right of removal is constitutional, and unquestionably it was not bound to assent to the case being removed to any particular County; but when the State did, with undoubted knowledge of its own constitutional right, assent to the case being sent to a specifically designated County for trial, I think that it did both knowingly and voluntarily waive its absolute right to require further removal. Many a defendant in a criminal case has been found to have waived a constitutional right by words which seem to me no more forceful—for example, by agreeing to a police officer's making a search of his premises, as in *Armwood v. State,* 229 Md. 565, 185 A. 2d 357. The State, in assenting to the removal, could easily have expressly reserved its right to further removal, had it wished to do so.

Judge Prescott has authorized me to say that he concurs in this dissent.