JUNE.

THE STATE *vs.* DASHIELL.

The act of assembly of 1821, ch. 244, directing the removal of criminal causes from Baltimore city court to Baltimore county court, and from Baltimore county court to Baltimore city court, is repugnant to the constitution, and therefore void

ERROR to *Baltimore* county court for the removal of a criminal prosecution for an assault and battery, in which a verdict was found for the state, and judgment thereon arrested. To reverse the decision of the county court the present writ of error was brought on the part of the state.

The case, which is stated in the opinion delivered by this court, was argued before BUCHANAN, Ch. J. EARLE, MARTIN, and STEPHEN, J. by

*T. B. Dorsey*, (Attorney-General,) and *Nicholas*, on the part of the state, and by

*Taney* and *Tyson*, for the defendant in error.

As the opinion of the court was grounded on the constitutionality of the act of 1821, ch. 244, it is considered unnecessary to notice the various points urged in argument by the counsel concerned in the case; one of which, on the part of the defendant in error was, that the *record* had not been transmitted to the adjoining county court for trial, according to the act of 1804, ch. 55, s. 3, but a *transcript* only had been sent, and therefore the case was not legally before the court for trial and judgment.

The opinion of the court was delivered by

MARTIN, J. At November term, 1823, an indictment was found in *Baltimore* city court, against *George Dashiell*, for an assault and battery on *Anne G. Dorsey*. *Dashiell* presented to the court a suggestion, in writing, supported by affidavit, stating he could not have a fair and impartial trial

1824.

The State
vs
Dashiell

in that court, and prayed that the record and proceedings against him might be removed to an *adjoining county court*, for trial. Upon this prayer, the judges of *Baltimore* city court ordered the record and proceedings to be transmitted to *Baltimore* county court under an act of assembly passed in the year 1821, *ch.* 244. A trial took place in that court at March term 1824, and *George Dashiell* was found guilty of the offence charged against him. A motion was made in arrest of judgment, because the act of 1821, *ch.* 244, *s.* 2, (under which the removal was made,) was unconstitutional and void, and the judges of *Baltimore* county court had no jurisdiction to try the prosecution. This motion was sustained; and a writ of error has been brought on the part of the state to review that decision.

The act of 1804, *ch.* 55, being confirmed by the act of 1805, *ch.* 16, became a part of the constitution of this state, and its provisions could be altered *only* by an act of assembly that had received the sanction of two successive legislatures. By the *third section* it is enacted, "That if any party presented or indicted in any of the county courts of this state, shall suggest, in writing, to the court in which such prosecution is depending, that a fair and impartial trial cannot be had in such court, it shall and may be lawful for the said court to order and direct the record of their proceedings, in the said prosecution, to be transmitted to the judges of any *adjoining* county court for trial, and the judges of such adjoining county court, shall hear and determine the same, in the same manner as if such prosecution had been originally instituted therein; and provided, that such further and other remedy may be provided by law in the premises as the legislature may direct and enact." This section was intended to secure to every person charged with a criminal offence, in the courts of this state, a fair and impartial trial; and to attain this object, the courts are directed, upon a suggestion being made in writing, that a fair and impartial trial cannot be had in the court, to whom the suggestion is made, to remove the record and proceedings from the court in which the presentment had been found, to an *adjoining county court for trial*. Thus to enable the party accused to make his defence before a *different* jury from that to which it must have been submitted without this provision, and before a jury summoned by a *different officer*. The right of removal from one coun-

ty to another to obtain a fair and impartial trial, *where life, liberty and fame, may be endangered*, is a great and inestimable privilege.  It is one of the most prominent and valuable features in the judiciary system, and, as before observed, was intended to be as permanent as any other part of the constitution.  The provisions of the act of 1804, like all other constitutional provisions, are in general terms, and it is the province of the legislature by law, to point out in detail how those provisions are to be carried into effect.  This was the sole object of the act of 1805, *ch.* 65, and is so declared to be, in the preamble of that law. ·

The necessity of laws, to carry into practical effect, the general provisions of the constitution, is felt by every one conversant with courts of justice.  The trial by jury is secured by the constitution, but that would be a mere dead letter without the aid of the legislature to direct the manner it should be conducted.

The act of 1804 secures the general right of removal from one county court to the court of an adjoining county; the act of 1805 does not attempt to deprive the party of this right, but only points out the manner and terms upon which it shall be enjoyed.  It is not repugnant to the act of 1804, but only directs, in detail, how the general provisions of that act shall be carried into operation.

The act of 1809, *ch.* 138, *s.* 20, is clearly a legitimate exercise of the power given to the legislature by the proviso in the 3d section of the act of 1804, *ch.* 55.  It appoints a further and other remedy to secure a fair and impartial trial, but does not interfere with the right of removal from the court of one county to that of another county.  The act of 1804 only provides for the removal of the prosecution, when the presentment is found in a *county* court, and this excited doubts—whether it authorised a removal from other courts, having criminal jurisdiction, as for instance, special courts of oyer and terminer, &c.  The act of 1809 only extends the power of removal to *every* court having criminal jurisdiction, and thereby gives a *further and other remedy*, the act of 1804 having confined it to county courts. ·

It has been conceded by the counsel on both sides, and indeed is a position that cannot at this time be controverted, that if the act of 1821, *ch.* 244, is repugnant to the constitution of this state, it is the duty of this court to de-

clare it null and void. In the *second section* it is enacted, "That in all cases of suggestion and affidavit for removal of criminal causes from *Baltimore* city court, the judges of the said court shall have authority to order the same to be removed to *Baltimore* county court, as if the said court were in an adjoining county; and that in all cases of suggestion and affidavit for removal of criminal causes from *Baltimore* county court, the judges of said last court shall have authority to order the same to be removed to *Baltimore* city court, as if said last court were in an adjoining county."

This law authorises *Baltimore* city court, upon applications for the removal of prosecutions, to send the same *for trial*, not to an *adjoining county* court, but to *Baltimore* county court; and invests *Baltimore* county court with authority, upon applications being made to them for removal, to transmit the record to *Baltimore* city court for trial— This is said to be a further and other remedy under the proviso in the 3d section of the act of 1804, *ch.* 55. The evil complained of, and to be remedied, was, that a party accused was compelled to try the prosecution against him in the county court in which the presentment was found, although he was satisfied he could not *there* have a fair trial, from prejudices that might extend over the *whole* county, or be entertained by the sheriff who returned the jury for that county. The *constitutional* remedy was to remove the trial to *another* county; where it was to be presumed those prejudices did not exist, but which would, at all events, secure the party a trial before a jury summoned by a different officer. The act of 1821 declares, that the removal shall not *of right* be to *another* county, but one court may remove the trial to another court, *both in the same county*, where the same persons may be summoned as jurors; and where the same sheriff must return both juries. This is not a further or other remedy; in fact it is *no remedy*, but a denial of a constitutional right; for although the prosecution is removed, the trial must be had before a jury of the *same* county, and returned by the *same* officer, and the party accused may become as much the victim of prejudice as if the trial had been in the court where the presentment was found.

The constitution directs the removal to *another* county, to avoid the prejudices that may exist in the county where

1824.

Benson
vs
Davis

the presentment is found. The act of 1821 declares the court shall not be bound to remove it to *another* county, but to a court in the same county, whatever prejudices may be there against the party. The constitution declares that the party accused shall have a right of trial before a jury, composed of men from a *different* county, and summoned by a *different* sheriff; the act of 1821, although it grants a removal, sends it for trial before a jury taken from the same county, perhaps composed of the same individuals, and certainly returned by the same sheriff. The act of 1821 empowers the court to *refuse* the removal of a prosecution to an adjoining county. This right is secured by the constitution, to the party, to enable him to obtain a fair and impartial trial. The act of 1821, is therefore repugnant to the constitution—It is violatory of both its letter, and spirit, and can have no legal effect.

This court concur in opinion with the judges of *Baltimore* county court, and affirm their proceedings.

JUDGMENT AFFIRMED.