BARBARA HOYER *vs.* JOHN COLTON and GEORGE BAETJER, trading as COLTON & BAETJER.

*Removal of Causes under Art. 4, sec. 8, of the Constitution—Unconstitutionality of the Act of 1874, ch. 94, imposing Restrictions upon the right of Removal.*

Section 8 of Article 4 of the Constitution provides that, "the Judge or Judges of any Court of this State, except the Court of Appeals, shall order and direct the Record of proceedings in any suit or action, issue, or petition, presentment or indictment, pending in such Court, to be transmitted to some other Court, (and of a different Circuit, if the party applying shall so elect,) having jurisdiction in such cases, whenever any party to such cause, or the counsel of any party, shall make a suggestion in writing, supported by the affidavit of of such party, or his counsel, or other proper evidence that the party cannot have a fair or impartial trial in the Court in which such suit, or action, issue, or petition, presentment or indictment is pending; * * * * * * and the General Assembly shall make such modifications of existing laws, as may be necessary to regulate and give force to this provision." The Act of 1874, ch. 94 , provides, that in all civil cases, unless the party upon whose suggestion the cause has been removed, *shall pay to the clerk the costs of the record, within sixty days after the passage of the order of removal,* and shall also *cause the record to be transmitted within the same period,* the Court may, upon the application of the opposite party strike out the order of removal, and reinstate the case upon the trial docket. HELD :

That these conditions were a restraint upon the constitutional right of removal, which the Legislature had not the power to impose.

APPEAL from the Superior Court of Baltimore City.

The case is sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, MILLER, ALVEY and ROBINSON, J.

*Wm. E. Gleeson,* for the appellant.

*Henry C. Wysham* and *E. O. Hinkley,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

Section 8, Article 4 of the Constitution, provides, that "The Judge or Judges of any Court of this State, except the Court of Appeals, shall order and direct the Record of proceedings in any suit or action, issue or petition, presentment or indictment, pending in such Court, to be transmitted to some other Court, (and of a different Circuit, if the party applying shall so elect,) having jurisdiction in such cases, whenever any party to such cause, or the counsel of any party, shall make a suggestion in writing, supported by the affidavit of such party, or his counsel, or other proper evidence, that the party cannot have a fair or impartial trial in the Court in which such suit or action, issue or petition, presentment or indictment is pending;" * * * * "and the General Assembly shall make such modifications of existing laws as may be necessary to regulate and give force to this provision."

The obvious purpose of this provision was to secure to every one a fair and impartial trial, by getting rid of the influence of local feeling and prejudice; and whenever the privilege has come under consideration, it has been liberally construed. *State vs. Dashiell,* 6 *H. & J.,* 268; *Negro Jerry vs. Townshend,* 2 *Md.,* 278; *Griffin vs. Leslie,* 20 *Md.,* 15.

However much the right thus conferred may have been, or may hereafter be abused, the exercise of it has been considered so essential to the proper administration of justice as to be made the subject of constitutional provision in every Constitution adopted in this State since 1851; and in no previous Constitution, has it been more securely protected than in the present Constitution. Whilst under the Constitution of 1864, it was necessary for the party making

the application for removal to satisfy the Court by proper evidence that a fair and impartial trial could not be had in the Court in which the cause was pending, the present Constitution confers the right in *every case, civil or criminal, upon the mere suggestion and affidavit of the party.* No discretion is vested in the Court; and the only power conferred upon the Legislature is " to make such modifications of existing laws as may be necessary to regulate and give force to this provision." The nature and extent of the power thus conferred, was considered by this Court in *Price, et al. vs. Nesbitt,* 29 *Md.*, 264, and it was held that the Legislature might enlarge but could not in any manner impair or restrain the right.

Now the Act of 1874, chap. 94, provides that in all civil cases, unless the party upon whose suggestion the cause has been removed, shall pay to the clerk the costs of the record within sixty days after the passage of the order of removal, and shall also cause the record to be transmitted within the same period, the Court may upon application strike out the order of removal and reinstate the case upon the trial docket.

The question in this appeal, is as to the power of the Legislature to prescribe such conditions, and this depends upon whether the conditions are to be considered as a restraint upon the constitutional right of removal?

It can hardly be pretended that an Act of the Legislature requiring a party to pay the costs of the record as a condition precedent to the exercise of the right of removal, can be considered in any sense as an enlargement of the right itself. On the contrary, such a condition in many cases might defeat the exercise of the right altogether. It may be said, that it is but reasonable and proper, that a party making application for the removal of a cause ought to pay to the clerk the costs of the record, but this the party may be unable to do, and in such a case his right of removal would depend not upon whether he could have a

fair and impartial trial in the Court in which the cause was. pending, but upon a mere question of dollars and cents.

Then again, if the Legislature has the power to prescribe such conditions in the removal of civil cases, it has the same power in criminal prosecutions, and thus a prisoner upon his trial for a capital offence, might be deprived of the right to remove his case, although willing to make the oath prescribed by the Constitution, and even although the Court might be satisfied that owing to the existence of some local feeling and prejudice, the ends of justice required that the case should be tried in another county.

We can hardly believe that the framers of the Constitution, who considered this right so valuable to the citizen, and so essential to the impartial administration of justice, as to make the exercise of it in every case depend upon the mere suggestion and affidavit of the party, ever intended to confer upon the Legislature the power to hamper its exercise with conditions that might defeat the right itself.

The provision in the Act making it the duty of the party upon the application of whom the order of removal was passed, to cause the record to be transmitted within sixty days, is, we think, also objectionable.   The Constitution in express terms, declares that in every case upon the suggestion and affidavit of the party, *the Court shall order and direct the record* to be transmitted to some other Court. It is the duty of the clerk, therefore, in all cases, in which an order of removal is passed, to make out and transmit the record of proceedings to the Court to which the cause has been removed. · The Legislature may require the clerk to do this within a specified time.   The only effect of such a provision would be to prevent unnecessary delay, and thereby promote the speedy trial of the case, and could not therefore be considered as a restraint upon the exercise of the right itself.   But the Legislature has not the

Hoyer *vs.* Colton & Baetjer.

power to require the party to transmit the record, because that duty, the Constitution in express terms imposes upon the Court.

In this case the Court below on the 23rd of May, 1874, upon the suggestion and affidavit of the defendant, passed an order directing the record to be transmitted to the Court of Howard County for trial. Notwithstanding this order, the clerk failed to make out the record, and on the 23rd July, just sixty days after its passage, a motion was made by counsel for the appellees, the plaintiffs below, to reinstate the case, and on the 27th of July the order for removal was stricken out and the case reinstated upon the docket for trial.

On the 7th August, 1874, motion was made by the appellant to strike out the order of July 27th reinstating the case, and from the order of the Court overruling this motion the defendant appealed.

Subsequently when the case was called for trial the appellant renewed her motion, and prayed that a transcript of the record of proceedings be sent to the Circuit Court for Howard County for trial.

From the order of the Court overruling this motion the defendant appealed.

It follows from what we have said, the rulings of the Court and the judgment rendered against the defendant must be reversed and the cause remanded, in order that a transcript of the record may be sent to the Circuit Court for Howard County for trial.

*Orders and judgment reversed, and*
*cause remanded.*

(Decided 19th January, 1876.)


STEWART, J., dissented.