## JOHNSON *v.* STATE OF MARYLAND

[No. 156, September Term, 1969.]

*Decided July 8, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*Orie Seltzer,* with whom were *Blair H. Smith* and *Arthur M. Ahalt* on the brief, for appellant.

*Henry R. Lord, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Joseph C. Sauerwein, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

McWILLIAMS, J., delivered the opinion of the Court.

It was about 9:30 in the morning of 3 May 1968 when a man, alleged to have been the appellant (Johnson), entered an A & P Food Store in Oxon Hill, Prince George's County, jumped up on a counter and, brandishing a pistol, ordered the manager to open the safe. While the manager was kneeling before the safe he was shot and killed. Following indictment and the appointment of quite able counsel Johnson waived trial by jury and, some weeks later, filed a plea of insanity. The case came on for trial in the circuit court on 18 February 1969. When it appeared that Bowen, J., would preside Johnson filed a suggestion and affidavit of removal. Judge Bowen ordered the record transmitted "immediately" to the Circuit Court for Calvert County for "trial in that court on Friday, 21 February 1969."

When the case was called for trial on Friday morning Johnson presented to the pesiding judge, again Bowen, J., a "Petition for Reconsideration of Removal to Calvert County and Exception to Removal of Case to Calvert County and Suggestion for Removal to a Court In Another Judicial Circuit." He alleged, among other things, that when he filed the suggestion and affidavit of removal in Prince George's County three days earlier "the court stated that the case would be removed to Calvert County for trial before the same member of the bench on Friday, February 21, 1969, a legal holiday"; that he "vehemently and strenuously objected" to trial before "the same member of the bench." At the same time a second suggestion and affidavit was filed. In denying the petition Judge Bowen commented as follows:

"Gentlemen, we have argued these matters at

some length informally in chambers and in addition to the matters set forth in the formal pleadings, the record should reflect that counsel and the court discussed together the fact that the defendant would prefer to have this case tried by some other member of the bench, as well as in some other jurisdiction. This is a preference which the defendant, having made known to the court, the court has considered.

"Historically this case was originally filed in Prince George's County. It is my understanding that a conference between the Chief Judge of the circuit and counsel was held and that certain preferences were made known to the Chief Judge and certain members of the bench in the circuit excused themselves or disqualified themselves from hearing this case and as a result of that conference, the case was assigned to this member of the bench."

\* \* \*

"At that time I made known to counsel that the case had been assigned to this member of the bench to try and we would be presiding in this court today. The defense counsel had argued most earnestly that such a proceeding in effect denies the defendant his absolute constitutional right of removal, because such right is designed to secure a new or different trier of the facts. The right, historically is justified, by the fact that when we have a removal you get a new jury."

\* \* \*

"The court has been urged to find that the form of removal was not a removal and did not satisfy the constitutional requirement of the absolute right of removal for this defendant. We have considered this and we conclude that the prior proceedings in this case did satisfy the constitutional right of the defendant to re-

moval. The constitution guarantees the removal from one court to another. The court is a political institution of a subdivision of the State and not from members that happen to compose it at any particular time. He has had his change of venue from Prince George's County to Calvert County and the accident that the resident judge of Calvert County [Judge Bowen] happens to be the judge assigned to try this case is a mere coincidence. The same result would have followed if the circuit had a policy of removing cases to another county other than this one.

"For the reasons we have stated gentlemen, the court refuses to reconsider the removal and have asked counsel if they wish to support their second * * * [suggestion] and affidavit, as we believe is required by showing a cause and they have stated that they did not desire to submit anything further than what has been submitted to the court in chambers."

Johnson thereupon noted an appeal to the Court of Special Appeals and moved to stay all proceedings until its determination. Judge Bowen denied the motion and ordered the trial to proceed. Johnson was found guilty of murder in the first degree and sentenced to "suffer death by the administration of Lethal Gas." In the companion case (robbery, etc.) he was sentenced to serve 20 years on the first count and 10 years on the second count, both sentences to run concurrently.

The principal question Johnson puts to us is whether Art. IV, § 8, of the Maryland Constitution, gives him the absolute right to have his case tried before a different judge. The subsidiary question is whether the denial of his petition for reconsideration of the removal to Calvert County is immediately reviewable.

I.

Where the offense is punishable by death the right of removal, in the first instance, is absolute. Constitution,

Art. IV, Sec. 8; Code, Art. 75, § 44 (1969 Repl. Vol.) ; Maryland Rules 542 and 738; *State v. Simms,* 234 Md. 237 (1964). For the history of Sec. 8 *see Heslop v. State,* 202 Md. 123 (1953). Further removal requires the party making the suggestion to "make it satisfactorily appear to the court that such suggestion is true and that there is reasonable ground for the same." Rule 738 c; *Veney v. State,* 251 Md. 182, 191 (1968). Johnson concedes he is not entitled to further removal since he cannot meet the requirements of Rule 738 c.

The reason underlying the right of removal was noted by our predecessors 146 years ago. In *State v. Dashiell,* 6 H. & J. 268, Judge Martin, for the Court, said:

> "This section was intended to secure to every person charged with a criminal offence, in the courts of this state, a fair and impartial trial; and to attain this object, the courts are directed, upon a suggestion being made in writing, that a fair and impartial trial cannot be had in the court, to whom the suggestion is made, to re- move the record and proceedings from the court in which the presentment had been found, to an adjoining county court for trial. Thus to enable the party accused to *make his defence before a different jury* from that to which it must have been submitted without this provision, and be- fore a jury summoned by a different officer. The right of removal from one county to another to obtain a fair and impartial trial, where life, lib- erty and fame, may be endangered, is a great and inestimable privilege." *Id.* at 269-70. (Em- phasis added.)

A half century later, in *Cooke v. Cooke,* 41 Md. 362, 371- 72 (1875), Judge Miller, holding that an equity case was not removable, said for the Court:

> "* * * [N]ot only is there no language in the clause [Constitution of 1867, Art. IV, § 8] which

plainly directs it to prejudice in the judges, but, looking to the origin of the right or power, *we find it directed wholly to jury trials,* and this, we think, has never been lost sight of or departed from in any of the Constitutional or legislative provisions on the subject. *The object was to get rid of the influence of local prejudice in the community from which the jury to try the case was to come, and thus, as far as practicable, to secure a fair and impartial trial by jury."* (Emphasis added.)

In *Chappell Chemical & Fertilizer Co. v. Sulphur Mines Co.,* 85 Md. 684 (unreported), 36 A. 712 (1897), *aff'd* 172 U.S. 474 (1899), upon the suggestion and affidavit of the defendant, the case was removed from the Baltimore City Court to the Superior Court of Baltimore City and tried by the same judge. Judge Russum, for this Court, said:

"The fact that, when it reached the superior court [Superior Court of Baltimore City], the case was tried *before the same judge before whom it was to have been tried in the city court* [Baltimore City Court], *does not affect the case.* The intent and purpose of the constitutional provision for the removal of causes was to avoid any prejudice which might affect a jury. The framers of the constitution never anticipated that the people would elect judges 'with minds so affected by prejudice as to be unable to render fair and impartial verdicts in cases where they are in no way connected with the parties, nor have been counsel, and have no pecuniary interest.' *Cooke v. Cooke,* 41 Md. 371. Hence the constant practice in the several circuit courts is to remove cases from one county to another, in the same circuit, and where they will be tried before the same judges." *Id.* 36 A. at 714. (Emphasis added.)

Johnson seems to extract a measure of comfort from *Greenberg v. Dunn,* 245 Md. 651 (1967), where we held "that if an action at law in which there is a right to a jury trial is removable that same action is also removable if the determination of the facts has been submitted to the court." *Id.* at 660. Dunn's dilatory conduct lost him his right to a jury trial in the Superior Court of Baltimore City. Thinking he might recover it if the case could be removed he filed a suggestion and affidavit. The trial judge removed it to the Circuit Court for Carroll County where Dunn later on prayed a jury trial. We upheld the trial court's denial of his prayer and the subsequent setting of the case for trial before the court in *Dunn v. Greenberg,* 249 Md. 539 (1968). We do not think *Greenberg* (245 Md.) is authority for anything more than that a non-jury law case is ordinarily removable. In *Greenberg* the right to a jury trial was lost by inadvertence; here it was waived. Dunn's right of removal, however, was honored; and Johnson's right was likewise honored. Chief Judge Hammond, speaking for the Court in *Dunn,* reviewed the earlier cases in some detail including not only those cited herein but as well *Mayor & City Council v. Libowitz,* 159 Md. 28 (1930), and *Lee v. State,* 161 Md. 430 (1931). He quoted liberally from *Chappell, supra,* including the quotation above set forth. We do not agree with Johnson's suggestion that this is a case of "first impression." We are quite satisfied that, at least since *Chappell, supra,* the right of removal does not carry with it the right to have a different judge preside at the trial. *See* Note, *Constitutional Limitation on Change of Venue in Criminal Cases,* 13 Md. L. Rev. 344, 348 (1953).

## II.

We think *Lee v. State, supra,* is dispositive of Johnson's subsidiary question. As stated by Chief Judge Bond, who spoke for the Court, the situation there, as indeed it is in the case at bar, was:

> "The accused has been allowed his constitutional
> right of removal from the court of origin, and

therefore has no complaint of a denial of that right, which has been held immediately reviewable; and he seeks a review only of the subsequent discretionary selection of a new court for the case, and on that selection no appeal or proceeding as upon writ of error now lies." *Id.* at 434.

Judge Bond went on to say:

"If, on a question left to the court's discretion, upon a suggestion for removal, a prisoner is permitted to take an immediate appeal, then proceedings in every criminal case, great or small may be stopped and delayed while the accused prosecutes an appeal on this preliminary matter of venue. And this would add just so much to the resources of those who might find vexatious delays advantageous, and would multiply appeals in criminal cases, often when acquittals, in the end, would render them profitless." *Id.*

To the same effect *see Davis v. State,* 8 Md. App. 480 (1970), and *Raimondi v. State,* 8 Md. App. 468 (1970).

## III.

Perhaps it should be observed that, in this Court, Johnson did not contend that the evidence is insufficient to support his conviction of the crimes of murder and robbery. Indeed, at argument, counsel confessed to grave doubts that a different result would have been reached in any other court or before any other judge. Our study of the record leads us to the conclusion that those doubts were well founded. We have not found in the record anything suggesting the decision of the trial judge was erroneous, much less clearly erroneous. Rules 772 and 886 a.

*Judgment affirmed.*