BARNES *v*. MELESKI, Executor

[No. 12, October Term, 1956.]

*Decided November 8, 1956.*

Before BRUNE, C. J., and COLLINS, HENDERSON and HAM-MOND, JJ., and HENDERSON, J., Chief Judge of the Fourth Judicial Circuit, specially assigned.

Submitted on brief by *George B. Woelfel* for the appellant.

No brief and no appearance for the appellee.

HENDERSON, J., by special assignment, delivered the opinion of the Court.

This appeal is based on the alleged unconstitutionality of Section 118 of Article 75 of the Maryland Code (1951) which requires the party suggesting the removal of a case to another county to pay the costs to the clerk before the record is transmitted to the other county.

The appellant (Barnes) had been sued in Anne Arundel County for $14,916.84 in January, 1955. He was duly summoned, the writ being returnable on the first Monday in February, which was February 7th. On February 19th he filed a motion for a bill of particulars, which was complied with. Finally an amended declaration was filed, to which he filed on May 17th, 1955, pleas denying liability. Evidently the case was set for trial on November 22nd, 1955; and on November 18th, 1955, and not until then, he filed under oath his suggestion for removal. The case was ordered removed to the Circuit Court for Baltimore County that same day,

and the next day his attorney was given a bill for the removal costs. These were not paid, and on December 21st plaintiff's counsel filed his petition stating the removal costs had not been paid, and requesting the removal order be stricken and the case placed on the trial docket of the Circuit Court for Anne Arundel County. On the petition an order was passed requiring Barnes to show cause on or before January 10th, 1956, why this should not be done. On January 6th Barnes filed an answer stating "the remedy sought in the petition and the order of Court subsequently passed on said petition are both unconstitutional and void."

The matter was submitted to the Circuit Court, and on January 23rd, 1956, an order was passed requiring the defendant to pay the costs for the removal of the case; and, should he fail to pay, the Clerk was ordered to place the case on the April Docket of the Circuit Court for Anne Arundel County. Not until February 20th did defendant enter his appeal, and it was not until April 17th that the record was certified by the Clerk of the Court. It was filed in this Court on April 19th, 1956.

It will be seen that the sole question attempted to be raised by this appeal is as to the constitutionality of Section 118 of Article 75 of the Code. This reads as follows:

> "The cost of transcript of record in all suits or actions at law, issues from the Orphans' Court, or from any Court sitting in Equity, shall be paid to the clerk making the same, by the party suggesting such removal before the said record is transmitted."

It is contended on behalf of Barnes that an absolute right of removal is conferred upon him by the provisions of Section 8 of Article IV of the Constitution of Maryland, the pertinent parts of which read thus:

> "* * * in all suits or actions at law, * * * pending in any of the Courts of Law of this State having jurisdiction thereof, upon suggestion in writing under oath of either of the parties to said proceedings, that such party cannot have a fair and impartial trial

in the Court in which the same may be pending, the said Court shall order and direct the Record of Proceedings in such Suit or Action * * * to be transmitted to some other Court having jurisdiction in such case, for trial; * * * and the General Assembly shall make such modification of existing law as may be necessary to regulate and give force to this provision."

He contends that, since an unqualified and absolute right of removal exists, Sec. 118 is an invalid restraint upon that right and therefore unconstitutional. And he cites as a controlling authority *Hoyer v. Colton,* 43 Md. 421.

Since that case was decided, Sec. 8 of Art. IV of the Maryland Constitution has been amended, but the amendment did not change in substance that part dealing with the right of removal in civil cases (except it eliminated the right of the removing party to demand it be sent outside the circuit). Nor is Sec. 118 of Art. 75, requiring the payment in advance of removal costs, essentially different from what was then the corresponding section of the law. (Chap. 94 of the Acts of 1874).

Therefore, it becomes necessary to study carefully *Hoyer v. Colton, supra,* which, under circumstances similar to those existing here, declared invalid Chapter 94 of the Acts of 1874. The reason for the decision is set out in the opinion of Judge Robinson as follows:

"Now the Act of 1874, ch. 94, provides that in all civil cases, unless the party upon whose suggestion the cause has been removed, shall pay to the clerk the costs of the record within sixty days after the passage of the order of removal, and shall also cause the record to be transmitted within the same period, the court may upon application strike out the order of removal and reinstate the case upon the trial docket.

"The question in this appeal, is as to the power of the Legislature to prescribe such conditions, and this depends upon whether the conditions are to be con-

sidered as a restraint upon the constitutional right of removal?

"It can hardly be pretended that an Act of the Legislature requiring a party to pay the costs of the record as a condition precedent to the exercise of the right of removal, can be considered in any sense as an enlargement of the right itself. On the contrary, such a condition in many cases might defeat the exercise of the right altogether. It may be said, that it is but reasonable and proper, that a party making application for the removal of a cause ought to pay to the clerk the costs of the record, but this the party may be unable to do, and in such a case his right of removal would depend not upon whether he could have a fair and impartial trial in the court in which the cause was pending, but upon a mere question of dollars and cents."

In *State v. Cobourn,* 169 Md. 110, the circuit court, to which a case had been removed prior to its being at issue on the pleadings, remanded it to the court where the action had been brought. From this action an appeal was taken. The Court of Appeals held that the order remanding the case should not have been passed, since the right of removal could be exercised even prior to the time when an issue of fact had been raised by the pleadings. The opinion cited many Maryland cases in which the right of removal had been passed upon, and it reaffirmed the doctrine of previous decisions that the constitutional provision granting right of removal is to be liberally construed.

It has long been recognized that under our governmental system of separation of powers it is the duty of the appropriate court to pass upon the constitutionality of questioned legislation. *Baltimore v. O'Conor,* 147 Md. 639, 654. But while such duty is well established in the law, it is also well established that there is a presumption of constitutionality and in order to justify a court in exercising the power of invalidating a statute the case must be free from doubt. *Hammond v. Lancaster,* 194 Md. 462, 471. Nor should courts assume

to pass on constitutional questions unless the matter is clearly before them. *Tanner v. McKeldin,* 202 Md. 569, 580.

Here the matter is clearly before us. Barnes has been denied the right of removal because he has failed to pay the removal costs; he having taken the position in the Circuit Court for Anne Arundel County that he had the constitutional right to remove without paying removal costs. Many times has this Court had to pass on the removal clauses of Sec. 8 of Article IV of the Maryland Constitution. And invariably it has held that they are to be liberally construed in favor of the right. The duty of the General Assembly to modify existing laws so as "to regulate and give force to this provision" (i. e. for removal) has been construed as meaning that there is in the Legislature no power to pass any law which shall restrict or limit in any degree the free power to remove. And Sec. 118 does restrict or limit the right of removal to those who have first paid the removal costs.

It is true these costs are usually very slight—particularly since it is now possible to forward the original papers rather than a transcript. But this argument cuts two ways. Since the costs are so small, it is no great loss to the various clerks' offices if they are not paid before removal. And small as these costs may be, the right of removal without restriction or limitation is guaranteed by the State Constitution; and this Court in *Hoyer v. Colton, supra,* definitely decided the prepayment of costs could not be imposed as a condition precedent to the exercise of that constitutional right.

Therefore it is necessary to hold that Section 118 of Article 75 of the Code (1951) violates Sec. 8 of Art. IV of the Maryland Constitution, and is unconstitutional.

*Order reversed, and case remanded, with costs.*