*Robert Laverne Wittwer v. State of Maryland*, No. 2006, Sept. Term, 2024. Opinion filed on May 1, 2026, by Wells, C.J.

**CRIMINAL LAW – ILLEGAL SENTENCE – SCOPE OF MARYLAND RULE 4-345(a)**

Maryland Rule 4-345(a) permits a court to correct an illegal sentence at any time, but the illegality must inhere in the sentence itself. A sentence is illegal only when it is not permitted by law or when no sentence should have been imposed in the first place. A motion to correct an illegal sentence is not an alternative method of obtaining belated appellate review of the proceedings that led to the judgment and sentence. Claims that do not pertain to the inherent legality of the sentence—such as challenges to the venue of a guilty plea or the adequacy of a plea colloquy—are not cognizable under the rule.

In this case, the circuit court correctly denied Wittwer's motion to correct an illegal sentence because none of his claims implicated the inherent legality of his sentence of life imprisonment without the possibility of parole for first-degree murder.

**CRIMINAL LAW – VENUE AND JURISDICTION – REMOVAL OF CRIMINAL CASES**

All Maryland circuit courts possess full common-law jurisdiction over criminal cases within their county under Md. Code Ann., Cts. & Jud. Proc. § 1-501. The removal of a criminal case from one circuit court to another under Maryland Rule 4-254(b) operates as a change of venue, not a divestiture of subject matter jurisdiction.

In this case, Wittwer's case was removed from the Circuit Court for Anne Arundel County to the Circuit Court for Howard County for trial. Therefore, there was simply a change in venue when Wittwer's case was moved from Anne Arundel County to Howard County, and Anne Arundel County was not divested of subject matter jurisdiction.

**CRIMINAL LAW – VENUE – WAIVER**

Improper venue is a defense or objection that must be raised by motion before trial under Md. Rule 4-252. A defendant who fails to object to the location of a proceeding at the time it occurs waives any challenge to venue. Because venue objections are waivable, they do not implicate the inherent legality of a sentence and are not cognizable on a motion to correct an illegal sentence under Rule 4-345(a).

In this case, Wittwer's case was removed from the Circuit Court for Anne Arundel County to the Circuit Court for Howard County for trial, but the specially assigned judge's order retained pretrial and preliminary motions in Anne Arundel County. Wittwer's guilty plea was entered during a pretrial motions hearing in Anne Arundel County—a proceeding that

fell within the scope of the judge's order. Wittwer lodged no objection to this arrangement and thereby waived any venue objection. Because the claim sounded in venue rather than subject matter jurisdiction, it was not justiciable under Rule 4-345(a).

## CRIMINAL LAW – REMOVAL – SCOPE OF TRANSFER ORDER

Where a removal order transfers only the trial phase of a case to another county, proceedings not encompassed by the transfer remain properly in the originating court. A specially assigned judge may delineate which proceedings are retained, and a guilty plea entered during a pretrial motions hearing falls within the scope of proceedings properly retained by the originating court. The purpose of removal—to eliminate local prejudice in jury selection—is not implicated by the acceptance of a negotiated guilty plea. *Johnson v. State*, 258 Md. 597 (1970).

In this case, the removal order transferred only the trial to Howard County, and the specially assigned judge's order expressly retained pretrial and preliminary motions in Anne Arundel County. Because Wittwer's guilty plea was entered during a pretrial motions hearing, it fell within the scope of proceedings properly retained in the originating court.

## CRIMINAL LAW – NOTICE OF INTENT TO SEEK LIFE WITHOUT PAROLE – EFFECT OF VENUE TRANSFER

A horizontal venue transfer between two circuit courts under Maryland Rule 4-254 does not require the State to refile documents previously filed in the originating court. A notice of intent to seek life without the possibility of parole, properly filed before removal, travels with the case upon transfer. Cases involving vertical jurisdictional transfers—such as from the District Court to a circuit court following a jury trial demand, or a remand for new trial on appeal—involve fundamentally different procedural postures and do not support a requirement of refiling after a lateral venue change.

In this case, the State filed its notice of intent to seek the death penalty and life without parole in the Circuit Court for Anne Arundel County before the case was removed to the Circuit Court for Howard County. The State's failure to refile the notice in Howard County did not render Wittwer's sentence of life without the possibility of parole illegal.

## CRIMINAL LAW – GUILTY PLEA – ADEQUACY OF PLEA COLLOQUY

A challenge to the adequacy of a plea colloquy under Maryland Rule 4-242(c) alleges a procedural irregularity in the plea proceedings and does not pertain to the inherent legality of the sentence itself. Such claims are properly raised through an application for leave to appeal or a petition for post-conviction relief, not through a motion to correct an illegal sentence under Rule 4-345(a).

In this case, Wittwer's claim that the circuit court failed to ensure on the record that he understood the nature of the charges to which he was pleading guilty challenged the adequacy of his plea colloquy, not the legality of his sentence. Because this claim did not implicate the inherent legality of the sentence, it was not cognizable under Rule 4-345(a).

**CRIMINAL LAW – GUILTY PLEA – UNDERSTANDING THE NATURE OF THE CHARGE**

Maryland Rule 4-242(c) does not require the court to recite the precise legal elements of the offense on the record as a prerequisite to accepting a guilty plea. Rather, the rule contemplates that the defendant will have a basic understanding of the essential substance of the charge. Whether the defendant possessed the requisite understanding is assessed on a case-by-case basis under the totality of the circumstances, including the complexity of the charge, the defendant's personal characteristics, the factual basis presented, and off-the-record discussions with counsel.

In this case, the plea agreement read into the record identified the charge as first-degree murder. Wittwer confirmed he heard and understood its terms, represented he had sufficient time to consult with his attorney, and expressed satisfaction with his attorney's advice. The State presented a detailed statement of facts establishing the factual basis for the plea. Additionally, at the time of his guilty plea, Wittwer had already been convicted on two prior counts of first-degree murder and was serving two life sentences plus forty years. Under the totality-of-the-circumstances standard, the record amply supported that Wittwer understood the nature of the charge to which he pled guilty.

Circuit Court for Anne Arundel County
Case No. 02-K-97-000818

IN THE APPELLATE COURT

OF MARYLAND

No. 2006

September Term, 2024
_____

ROBERT LAVERNE WITTWER

v.

STATE OF MARYLAND
_____

Wells, C.J.,
Friedman,
Zic,

JJ.
_____

Opinion by Wells, C.J.
_____

Filed: May 1, 2026

* Ripken, J., did not participate in the Court's
decision to designate this opinion for
publication pursuant to Md. Rule 8-605.1

On April 2, 1999, Appellant Robert Laverne Wittwer pled guilty to first-degree murder in the Circuit Court for Anne Arundel County for the stabbing death of a fellow inmate at the Maryland House of Corrections Annex. The court sentenced Wittwer to life imprisonment without the possibility of parole. Wittwer's case had previously been removed from Anne Arundel County to Howard County for trial pursuant to Maryland Rule 4-254(b)(1), though the guilty plea was accepted during a pretrial hearing in Anne Arundel County.

Twenty-five years later, on October 23, 2024, Wittwer moved to correct what he claimed was an illegal sentence, which the circuit court denied. This appeal followed.

Wittwer presents three questions for our review, which we have rephrased and consolidated into one[1]:

> Did the circuit court err in denying Appellant's motion to correct an illegal sentence?

For the reasons that follow, we answer in the negative and affirm.

---

[1] Appellant's verbatim questions were:

I. Did the Circuit Court for Anne Arundel County enter an illegal conviction and sentence when the Court accepted a plea after the Court had been expressly divested of subject matter jurisdiction through an order of removal?

II. Was the Circuit Court for Anne Arundel County without authority to enter a sentence of life without parole as the case had been removed, which starts a case anew, and the State did not file a notice of intent to seek a sentence of life without parole after such removal?

III. Did the Circuit Court for Anne Arundel County enter an illegal conviction and sentence when the Court accepted Mr. Wittwer's plea without ensuring on the record that Mr. Wittwer understood the nature of his charges?

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 19, 1997, Wittwer was indicted in the Circuit Court for Anne Arundel County for first-degree murder and conspiracy to commit murder. The charges arose from the July 23, 1996 stabbing death of a fellow inmate at the Maryland House of Corrections Annex. On November 21, 1997, the State filed a notice of intent to seek the death penalty and life without the possibility of parole.

On October 21, 1998, Wittwer filed a Request for Reassignment and Removal pursuant to Maryland Rule 4-254(b)(1), seeking to have his case transferred from the Circuit Court for Anne Arundel County. The following day, Anne Arundel County's circuit court Administrative Judge granted the motion and ordered the case removed to the Circuit Court for Howard County, while specially assigning an Anne Arundel County circuit court judge to preside over the matter in Howard County.

On October 27, 1998, the specially assigned judge issued a written order stating that she would hear all pre-trial and preliminary motions in Anne Arundel County. The trial and the sentencing would be the only portion of the trial heard in Howard County. The order also instructed counsel to use both the Anne Arundel County and Howard County case numbers in all filings. Wittwer did not object.

On April 2, 1999, the parties appeared in Anne Arundel County for what had been scheduled as a pretrial motions hearing. At the hearing, the State called both the Howard County case number, 37417, and the Anne Arundel County case number, K-97-818. The parties then advised the court they had reached a plea agreement. Under the terms of the agreement, Wittwer would plead guilty to one count of first-degree murder in exchange for

2

the State's agreement to enter a nolle prosequi on the conspiracy count, withdraw the notice of intent to seek the death penalty, and recommend a sentence of life imprisonment without the possibility of parole.

The judge then conducted a plea colloquy. During the advisement, Wittwer affirmed he had "sufficient time to speak to [defense counsel]" and was "satisfied with [defense counsel's] services.[]" The court asked Wittwer whether he understood the terms of the plea agreement, and Wittwer confirmed he did. When asked whether there was anything about the plea agreement he did not understand, Wittwer stated. "[n]o, ma'am. I understand." The State then presented a statement of facts, and upon hearing the facts, the court found Wittwer guilty of first-degree murder.

On May 18, 1999, Wittwer was sentenced in Anne Arundel County to life imprisonment without the possibility of parole, effective from the date of the offense. The State entered both the Anne Arundel and Howard County case numbers into the record.

At the time of his guilty plea, Wittwer was already serving two life sentences plus 40 years following unrelated convictions for two counts of first-degree murder and related charges in the Circuit Court for Prince George's County. *See State v. Robert Laverne Wittwer*, Case No. CT941508A.

On October 23, 2024, Wittwer filed a Motion to Correct Illegal Sentence and a Petition for Post-Conviction Relief. The petition for post-conviction relief was dismissed as untimely on November 15, 2024. On November 22, 2024, the Motion to Correct Illegal Sentence was denied. Wittwer timely noted this appeal from the denial of his motion to correct an illegal sentence, only.

3

**STANDARD OF REVIEW**

Because "[w]hether a sentence is illegal is a question of law – as is the question whether an alleged defect relating to a sentence is cognizable in a motion to correct an illegal sentence[,]" this court reviews the denial of a motion to correct an illegal sentence *de novo*. *Hamrick v. State*, 263 Md. App. 270, 282 (2024) (citing *Farmer v. State*, 481 Md. 203, 222 (2022)).

**DISCUSSION**

**I.  The Circuit Court Correctly Denied Appellant's Motion to Correct an Illegal Sentence.**

Before turning to the merits, we set forth the governing legal framework regarding illegal sentences. Maryland Rule 4-345(a) provides "[t]he court may correct an illegal sentence at any time." The scope of this rule, however, is narrow. *See e.g.*, *Tshiwala v. State*, 424 Md. 612, 619 (2012) ("These principles, delineating the narrow scope of a Rule 4-345(a) motion to correct an illegal sentence, have been recognized and applied in a multitude of this Court's opinions.").

Our Supreme Court discussed the scope of Rule 4–345 at length in *Chaney v. State*:

> A criminal sentence may be deficient and subject to being vacated on appeal for a variety of reasons. Through its adoption of what is now Maryland Rule 4-345 and through its decisional jurisprudence, this Court has created two categories of deficiency and has treated those categories differently. Maryland Rule 4-345(a) permits a court to "correct an illegal sentence at any time."
>
> If a sentence is "illegal" within the meaning of that section of the rule, the defendant may file a motion in the trial court to "correct" it, notwithstanding that (1) no objection was made when the sentence was imposed, (2) the defendant purported to consent to it, or (3) the sentence was not challenged in a timely-filed direct appeal […] The sentence may be attacked on direct appeal, but it also may be challenged collaterally and

4

belatedly, and, if the trial court denies relief in response to such a challenge, the defendant may appeal from that denial and obtain relief in an appellate court.

The *scope* of this privilege, allowing collateral and belated attacks on the sentence and excluding waiver as a bar to relief, is narrow, however. We have consistently defined this category of "illegal sentence" as limited to those situations in which the illegality inheres in the sentence itself; *i.e.,* there either has been no conviction warranting any sentence for the particular offense or the sentence is not a permitted one for the conviction upon which it was imposed and, for either reason, is intrinsically and substantively unlawful.

[A]ny other deficiency in the sentence that may be grounds for an appellate court to vacate it—impermissible considerations in imposing it, for example—must ordinarily be raised in or decided by the trial court and presented for appellate review in a timely-filed direct appeal. The sentence may not be attacked belatedly and collaterally through a motion under Rule 4-345(a), and, subject to the appellate court's discretion under Maryland Rule 8-131(a), the defendant is not excused from having to raise a timely objection in the trial court.

397 Md. 460, 466 (2007) (citations omitted) (cleaned up) (paragraph breaks introduced).

Relying on *Johnson v. State*, 427 Md. 356, 378 (2012), Wittwer contends "[w]hen the illegality of a sentence stems from the illegality of the conviction itself, Rule 4-345(a) dictates that both the conviction and the sentence be vacated." While that principle may be a correct statement of the law where applicable, the critical threshold question remains whether the sentence is, in fact, "illegal" within the narrow meaning of the rule. We turn to each of Wittwer's claims.

### A. The Removal of Appellant's Case to Howard County Did Not Divest the Circuit Court for Anne Arundel County of Subject Matter Jurisdiction.

#### 1. Parties' Contentions

Wittwer argues the Circuit Court for Anne Arundel County was "divested of subject matter jurisdiction" after his motion for removal was granted on October 22, 1998, and that

any proceedings conducted thereafter—including the acceptance of his guilty plea and the imposition of his sentence—were void. He relies principally on *Smith v. State*, 31 Md. App. 106, 111 (1976), for the proposition that "the effect of a change of venue in a criminal case is to remove the cause absolutely from the jurisdiction of the court granting the change," and on *Pantazes v. State*, 376 Md. 661, 678 (2003), for the assertion that "[t]here is nothing pending" in the originating court after removal. He further argues removal affected not merely venue but the fundamental power of the court and that this jurisdictional deficiency cannot be waived.

In response, the State argues that Wittwer's complaint concerns the proper venue for his guilty plea, not whether the Circuit Court for Anne Arundel County had subject matter jurisdiction over his case. The State furthers that all circuit courts in Maryland possess subject matter jurisdiction over felony cases, that the removal of a criminal case operates as a change of venue rather than a divestiture of subject matter jurisdiction, and that any objection to venue was waived by Wittwer's failure to raise it at the time of his plea. Finally, the State contends, even on the merits, the circuit court properly accepted the guilty plea during a pretrial hearing in Anne Arundel County as only the trial phase was removed to Howard County.

### 2. Analysis

Maryland courts have consistently distinguished between venue and subject matter jurisdiction. *See e.g.*, *Smith v. State*, 116 Md. App. 43, 52 (1997) ("Venue is the place where the trial may properly occur. Jurisdiction, on the other hand, refers to the power of the court to adjudicate the matter before it.") (citation omitted). Md. Code Ann., Cts. &

6

Jud. Proc. § 1-501 establishes that Maryland's circuit courts have "full common-law and equity powers and jurisdiction in all civil and criminal cases within its county, and all the additional powers and jurisdiction conferred by the Constitution and by law, except where by law jurisdiction has been limited or conferred exclusively upon another tribunal."

Our Supreme Court explained this critical distinction in *McBurney v. State*:

> There are two facets to the jurisdiction of a court-jurisdiction over the subject matter and venue. **With respect to the subject matter, within its county, a circuit court of this State has full common law jurisdiction** in all criminal cases committed in Maryland except where limited by law. **Venue, however, is the place of trial**, or where a criminal trial may properly occur. Jurisdiction in this sense relates only to the place where either party may require the case to be tried and **unless 'venue' is given jurisdictional effect by being a localized action, the question of jurisdiction of subject matter is not presented**.

280 Md. 21, 31 (1977) (internal footnote and citation omitted) (emphasis supplied). Put simply, unless the law makes location part of the court's actual power, a mistake about location does not mean the court lacks authority over the case.

Also distinct is that subject matter jurisdiction may not be waived by a defendant and is able to be raised at any time. *Smith*, 116 Md. App. at 53. By contrast, a defendant waives any objection to venue by failing to file a timely motion challenging it. *Smith*, 116 Md. App. at 53 ("Improper venue is a "defense or objection" which, under Md. Rule 4-252, must be raised by motion before trial. If the issue is not raised in a timely motion it is waived.").

Critically, "[t]he power of the court to grant a change of venue has been recognized as a critical means of promoting justice and fairness by eliminating local prejudices." *Pantazes*, 376 Md. at 675. The removal of criminal cases is governed by Maryland Rule 4-

7

254. At the time of Wittwer's plea, the rule provided that in death-penalty cases, upon the filing of a suggestion under oath, "the court shall order that the action be transferred *for trial* to another court having jurisdiction." Md. Rule 4-254 (emphasis supplied). Similarly, the Maryland Constitution provides that "the court shall order and direct the record of proceedings in the presentment or indictment to be transmitted to some other court having jurisdiction in such case *for trial*." Md. Const. art. IV, § 8 (emphasis supplied).

The right of removal does not, however, carry with it the right to a different judge. *Johnson v. State*, 258 Md. 597, 603 (1970); *Boyd v. State*, 79 Md. App. 53, 59 (1989). Thus, although a case may be transferred to another county, the parties are not entitled to have it heard by a different judge merely by virtue of that transfer.

At the outset, the removal of a criminal case from one circuit court to another operates as a change of venue, not a divestiture of subject matter jurisdiction. Wittwer's reliance on *Smith* and *Pantazes* is misplaced. Although those cases speak of the originating court being divested of "jurisdiction," they do so in the context of venue. Indeed, *Smith* itself frames the issue as one of a "change of venue," 31 Md. App. at 111, and further recognizes an exception for the originating court to cure "irregularities or omissions in the record"—an exception that would be nonsensical if the court had been stripped of all subject matter jurisdiction. *Id.*

Wittwer was charged with first-degree murder, and under Md. Code Ann., Cts. & Jud. Proc. § 1-501, any Maryland circuit court has subject matter jurisdiction over a first-degree murder case. The removal order changed the venue—the proper place for trial—not the power of the Anne Arundel County court to adjudicate murder charges. Because

8

Wittwer's complaint sounds in venue—not subject matter jurisdiction—it is waivable, and Wittwer waived it by failing to object at the time of his plea. As such, the claim is not justiciable under Rule 4-345(a), which reaches only "illegalit[ies] inhere[nt] in the sentence itself[.]" *Chaney*, 397 Md. at 466.

Wittwer's additional reliance on cases involving transfers from juvenile court or the District Court to the circuit court—such as *Crosby v. State*, 71 Md. App. 56 (1987), *In re Darren M.*, 358 Md. 104 (2000), *Powers v. State*, 70 Md. App. 44 (1987), and *Howard v. State*, 32 Md. App. 75 (1976)—is unavailing. Those cases involved statutory vesting of exclusive jurisdiction in one level of court over another, which is materially different from a horizontal transfer of venue between two courts of equal jurisdictional authority.

Even if we were to reach the merits, Wittwer's claim still would fail. The record establishes that the specially assigned judge's October 27, 1998 order limited the transfer to the trial phase of the case: "[The specially assigned judge] will hear all pre-trial and preliminary motions in Anne Arundel County. The jury trial and the sentencing will be the only portion of this trial heard in Howard County." Wittwer lodged no objection to this arrangement. The April 2, 1999 hearing was a pretrial motions hearing at which the parties presented a plea agreement—it was not a trial. Because Wittwer's guilty plea was entered during a pretrial proceeding, it fell within the scope of proceedings that remained in Anne Arundel County under the judge's order. Moreover, the purpose of removal—to "get 'rid of the influence of local prejudice in the community from which the jury to try the case was to come'"—was not implicated by the acceptance of a guilty plea. *Johnson*, 258 Md. at 602 (quoting *Cooke v. Cooke*, 41 Md. 362, 371–72 (1875)).

9

Accordingly, we hold the Circuit Court for Anne Arundel County was not divested of subject matter jurisdiction, that Wittwer's objection to the venue of his guilty plea was waived, and the claim is not justiciable under Rule 4-345(a).

### B. The State's Failure to File a New Notice of Intent to Seek Life Without Parole in Howard County Did Not Render Appellant's Sentence Illegal.

#### 1. Parties' Contentions

Wittwer contends that, upon removal, the case "started anew" in Howard County, and because the State did not file a new notice of intent to seek life without parole in Howard County, the court lacked statutory authority to impose that sentence. He relies on Md. Crim. Law Code § 2-203 and on *Hammersla v. State*, 184 Md. App. 295 (2009) and *Gregg v. State*, 377 Md. 515 (2003), for the proposition that proceedings "begin anew" upon transfer. The State contends the case did not "begin anew" in Howard County, and the authorities Wittwer cited are distinguishable.

#### 2. Analysis

This claim fails for substantially the same reasons as Wittwer's first claim. To the extent the case was transferred at all prior to the plea, the transfer did not require the State to refile every document previously filed in Anne Arundel County. The cases upon which Wittwer relies are not persuasive. *Gregg* involved a transfer from the district court to circuit court following a jury trial demand—a statutory divestiture of jurisdiction to an entirely different level of court. 377 Md. at 542. *Hammersla* involved a remand for a new trial following a reversal on appeal, where the proceedings genuinely "began anew." 184 Md. App. at 313. Neither situation is comparable to a horizontal venue transfer between two

circuit courts, where the case was to "proceed as if originally filed there." Md. Rule 4-254(b)(3).

Moreover, Wittwer's sentence of life without the possibility of parole was the product of a negotiated plea agreement to which he expressly consented. The State filed a notice of intent to seek the death penalty and life without parole in Anne Arundel County. That notice traveled with the case. A sentence of life without parole is a legal sentence for the crime of first-degree murder. Md. Ann. Code Art. 27, § 412 (Repl. Vol. 1996); *see also* Md. Code Ann., Crim. Law § 2-201(b). Wittwer's sentence does not exceed the maximum permitted by law, and his claim does not implicate the inherent legality of his sentence. Thus, we affirm on this argument.

### C. Appellant's Challenge to the Adequacy of His Plea Colloquy Is Not Justiciable Under Rule 4-345(a) and Fails on the Merits.

#### 1. Parties' Contentions

Wittwer argues the circuit court "entered an illegal conviction and sentence when the Court accepted Mr. Wittwer's plea without ensuring on the record that Mr. Wittwer understood the nature of his charges." Specifically, he contends the circuit court failed to explain the elements of first-degree murder during the plea colloquy, rendering his plea unknowing and involuntary in violation of Maryland Rule 4-242(c). The State contends this claim is not cognizable on a motion to correct an illegal sentence because it challenges the procedural adequacy of the plea hearing—an antecedent proceeding—rather than an illegality inherent in the sentence itself. Even so, the State furthers that on the merits, the plea record demonstrates Wittwer understood the nature of his charges.

11

### 2. Analysis

Wittwer's challenge to the adequacy of his plea colloquy is also not justiciable in a motion to correct an illegal sentence. His contention that the trial court did not sufficiently explain the elements of first-degree murder on the record alleges a procedural irregularity in the plea proceedings—it does not challenge the inherent legality of the sentence itself. A sentence of life without parole is a lawful sentence for first-degree murder, and the record is clear Wittwer pled guilty to that charge. The proper vehicles for challenging the voluntariness of a guilty plea are an application for leave to appeal under Md. Code Ann., Cts. & Jud. Proc. § 12-302(e), or a petition for post-conviction relief[2] under Md. Code Ann., Crim. Proc. Art. §§ 7-101 et seq.

Even if the claim was properly before the court, it would still fail. Maryland Rule 4-242(c) provides:

> The court may not accept a plea of guilty, including a conditional plea of guilty, until after an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof the court determines and announces on the record that (1) the defendant is pleading voluntarily, with understanding of the nature of the charge and the consequences of the plea; and (2) there is a factual basis for the plea.

Md. Rules 4-242(c) (2024).

---

[2] Wittwer filed a Petition for Post-Conviction Relief alongside his Motion to Correct an Illegal Sentence on October 23, 2024. The petition for post-conviction relief was dismissed as untimely on November 15, 2024, and thus the judge did not rule on the merits of that petition.

Here, the record reflects the plea agreement—read into the record in open court—specifically identified the charge as first-degree murder. Wittwer confirmed he heard and understood all terms of the plea agreement. He represented he had sufficient time to consult with his attorney and was satisfied with his attorney's advice. The State then presented a detailed statement of facts establishing the factual basis for the plea, after which the judge found Wittwer guilty of first-degree murder.

Wittwer cites *State v. Daughtry*, 419 Md. 35, 71 (2011), for the proposition that "[w]here the record reflects nothing more than the fact that a defendant is represented by counsel . . . and that the defendant discussed generically the plea with his or her attorney, such a plea colloquy is deficient under Rule 4-242(c)[.]" And he cites *Henderson v. Morgan* as an example of the United States Supreme Court finding a plea involuntary where the defendant was "[w]ithout adequate notice of the nature of the charge against him, or proof that he in fact understood the charge[.]" 426 U.S. 637, 645 n.13, 647 (1976). In doing so, however, Wittwer fails to look at the totality of the circumstances as is required under the Supreme Court of Maryland's decision in *State v. Priet*, 289 Md. 267 (1981).

In *Priet*, the Court considered whether three defendants' guilty pleas were accepted in compliance with Rule 731 c (the predecessor to current Rule 4-242(c)), which required that a defendant plead guilty "with understanding of the nature of the charge." *Id.* at 269. In none of the three cases did the trial court formally recite the elements of the offense on the record. Even so, the Court held the rule "does not require that the precise legal elements comprising the offense be communicated to the defendant as a prerequisite to the valid acceptance of his guilty plea." *Id. at 288.* Rather, the rule "simply contemplates that the

13

court will explain to the accused, in understandable terms, the nature of the offense to afford him a basic understanding of its essential substance, rather than of the specific legal components of the offense to which the plea is tendered." *Id.*

The Court emphasized the determination must be "made on a case-by-case basis, taking into account the relevant circumstances in their totality as disclosed by the record, including, among other factors, the complexity of the charge, the personal characteristics of the accused, and the factual basis proffered to support the court's acceptance of the plea." *Id.* The Court concluded requiring the record to disclose the precise basis for the defendant's understanding of the nature of the offense would "exalt formalism over real substance, far beyond the requirements of due process." *Id.* at 291.

The defendants in *Priet* presented far more compelling grounds for challenging their pleas than Wittwer. One defendant was nineteen years old with a ninth-grade education and had been institutionalized for mental evaluation on two occasions. *Id.* at 270. Another defendant was nineteen with a seventh-grade education and had spent a year in a mental institution. *Id.* at 272. The third was eighteen with a seventh-grade education. *Id.* at 274. Despite this, the Court upheld each plea, finding the totality of the record—including each defendant's acknowledgment that he understood the charge, his discussions with counsel, and the factual basis presented—demonstrated sufficient understanding.

Wittwer's circumstances stand in stark contrast. At the time of his guilty plea, Wittwer had already been convicted on two unrelated counts of first-degree murder for which he was serving two life sentences plus forty years. He confirmed on the record he understood the terms of a plea agreement—which expressly identified the charge as first-

14

degree murder, represented he had sufficient time to consult with counsel and was satisfied with counsel's advice, and voiced no confusion about the nature of the proceedings. Under the totality-of-the-circumstances standard articulated in *Priet*, the record amply supports that Wittwer understood the nature of the charge to which he pled guilty.

## CONCLUSION

For the foregoing reasons, we hold the circuit court did not err in denying Wittwer's Motion to Correct Illegal Sentence. Wittwer's sentence of life imprisonment without the possibility of parole for first-degree murder is not illegal within the narrow meaning of Maryland Rule 4-345(a).

**THE JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY IS AFFIRMED. APPELLANT TO PAY THE COSTS.**